A. STORY *vs.* PATTEN.

MOTION to set off justices' judgments against a judgment in this court. A judgment was rendered in favor of the rendered will not, on motion, be allowed to set off a *justice's judgment* holden by him as *assignee,* where the facts as to the rights of the parties are complicated and intricate. *It seems* that unless a plain, undisputed matter of set-off is presented by a party thus standing in the character of an assignee of a justice's judgment. the motion will be denied.

A defendant in this court against whom a judgment is

plaintiff in this court for $94,68. A motion was made by the defendant to set off three justices' judgments, (or as much thereof as should be necessary,) amounting together to $114,55, rendered against the plaintiff in favor of one Howland, and assigned by him to the defendant previous to the rendition of the judgment in this cause. This motion was resisted upon various grounds, and amongst others that A. Story was but a *nominal* plaintiff, the real plaintiff being one W. Story, for whose benefit the suit had been prosecuted; and that the defendant in the prosecution of this motion, acts only as the agent of Howland the assignor of the justices' judgments, having no real interest in the judgments. To this, it was answered that the interest of W. Story in the judgment claimed by him was fraudulent, and the court were asked if they entertained doubts on the question to award a feigned issue.

*Kellogg & Sandford*, for the motion.

*F. G. Jewett*, contra.

*By the Court*, MARCY, J. In 8 Cowen, 126, a motion was granted to set off a justice's judgment against a judgment of this court. The judgments were between the same parties; there was no conflict as to the rights of assignees of choses in action; no allegations of fraud in relation to those rights. It was a plain undisputed matter of set off, and the only question was whether the principle by which the set off of judgments in courts of record against a judgment of this court is allowed, should be extended to justices' judgments. This is a very different case; the moving party here is an *assignee* of the judgments he asks to set off; it is alleged that other persons than the parties on record are contesting their rights before us; the rights themselves are denied; fraud is alleged, and a complicated intricate state of facts is presented, so that even the party who asks our interference suggests the possibility of the necessity of a feigned issue.

Now, although the court will not say that they would not, in any case, on a motion to set off a justice's judgment, protect the rights of an assignee, they have no hesitation in dis-

missing this application, as they feel no disposition to extend their juricdiction, in the exercise of their equitable powers, to investigate the rights of parties respecting justices' judgments, when involved in the intricacy, doubt an uncertainty which belongs to this case. The motion, therefore, is denied with costs.