## DOTY *vs.* RUSSELL & PEARL.

Where A. has a judgment against B. which he sets off in a suit subsequently brought by B. against him, and a balance is certified in favor of A, for which he takes judgment in the second suit, such set-off is an extinguishment of the first judgment only to an amount equal to that set off to balance the demand of B. in the second suit, and for the residue A. may issue an execution on the first judgment.

The rule of law requiring *special motions* to be made at the earliest day possible, does not apply to motions for relief, affecting the substantial rights of parties; it applies only to cases of irregularity, and other questions appertaining to the orderly conduct of a suit.

MOTION to set aside execution. In 1821, the defendants obtained a judgment against the plaintiff for the costs of the defence of a suit prosecuted against them, amounting to $164,88. Subsequently another suit was brought by the

Nov. 18th.

plaintiff against Russell alone, in which, on a hearing before referees, Russell set off the amount of the judgment in favor of himself and Pearl, the latter having assigned his interest in the same to Russell, against the demands of the plaintiff, and obtained a report in his favor for $64,52, on which he entered judgment in 1827. In December, 1829, Russell sued out an execution on the judgment in favor of himself and Pearl, directing the levy of the *whole amount* of such judgment. The execution was levied on real estate owned by Doty at the time of the docketing of the judgment, but which subsequently had been sold on a junior judgment, and bought in by the person now in possession.

A motion was made to set aside the execution, on the ground that the judgment in favor of *Russell & Pearl* having been set off in the suit of *Doty against Russell*, it thereby became extinguished, and Russell could seek satisfaction of the balance due him only under the judgment obtained in the latter cause; and that at all events, the execution had issued for too much, for if the setting off of the first judgment in the second suit was not an extinguishment of the whole demand, it was an extinguishment *pro tanto*, as it was applied in satisfaction of the demands of the plaintiff in the second suit.

In opposition to the motion it was shewn that in February term, 1828, a motion made to set aside or vacate the judgment for costs in the cause of Doty against Russell and Pearl was denied; and it was contended that the valid existence of that judgment could not again be called in question, it being *res judicata;* and as to the amount directed to be levied being too large, it was insisted that the party was not entitled to be heard, on the ground of *laches*, in not having sooner made his application. The defendant Russell admitted that the motion had been delayed since May last, at his request, but insisted that there was no sufficient excuse for the delay previous to that time.

In answer to the objection of *laches*, the counsel for the plaintiff contended that the rule of practice requiring application to be made to the court at the earliest day was not applicable to a case like this; he said such rule applies only

ALBANY,
Nov 1830.

Doty
v.
Russell.

to cases of irregularity, and other questions appertaining to the orderly conduct of a suit where, if a party does not avail himself of the objection at the earliest opportunity, but lays by and suffers his adversary to proceed in a suit, he is deemed to have waived the objection; but where the substantial rights of a party are in question, he is entitled to be heard whenever he presents his case, though he omits to do so at the first opportunity that offers, unless the forms of legal proceedings forbid his obtaining relief in the mode in which he asks to be redressed; and such objection exists not in this case. Besides, he contended that the excuse for the delay in the application appearing from the papers on the part of the plaintiff, was sufficient.

*S. Stevens,* for plaintiff.

*D. Russell,* for defendants.

*By the Court,* MARCY, J. The objection that this motion is too late cannot be sustained. The rule of law in reference to such objection relates generally to a mere irregularity, which is waived by a delay in seeking to correct it. But, looked at in that light, I doubt whether the objection could prevail; for it does not appear that after the party was apprized of the determination of the defendants to proceed on the execution, there was time to prepare for and make the motion previous to the first day of the last May term. The delay since has been waived. Another objection in its nature preliminary, is made. It is said that a motion was made at the August term of this court in 1828, which involved the same question now before us, viz. the subsisting validity of the judgment in favor of Russell and Pearl. From an examination of the papers then before the court, it would seem that the question we are now to pass on was brought directly under the consideration of the court. The court was then asked to declare the judgment in this cause satisfied, because it had been set off against the plaintiff's claims before the referees. We are now asked to set aside the *fi. fa.* on the same ground. The decision of that motion is to be considered as establishing the validity of the judgment, 11 *Johns. R.* 513;

*13 id. 240; 14 id. 404;* but that does not wholly dispose of this motion. The defendants are proceeding to enforce the judgment to the *full amount,* whereas by the papers now before us it manifestly appears that the whole of the judgment, except $64,52, was set off in the suit of Doty against Russell. We therefore direct a perpetual stay of proceedings on the payment of that sum with the interest thereof from the time of the confirmation of the report of the referees, and the sheriff's fees; and if that sum be not paid, that the defendants have leave to collect the same on the execution issued in this cause, with interest and fees.