By the Court,

Cowen, J.
No doubt, on the facts stated, the execution in this court is dormant in respect to those in *366 the common pleas; and the main question is, whether we have jurisdiction to declare the preference of the latter in this summary way. We have no direct control over the parties in the common pleas executions, nor of the sheriff, who, in respect to them, is an officer of the common pleas; but we have control over the plaintiff Kimball, against whom McCagg moves, and also over the sheriff in respect to the execution on the judgment in this cause. McCagg voluntarily submits himself to our order; and it will be enough for the sheriff’s purposes, if he be protected against an action at the suit of Kimball. He will be so protected by our order that he appropriate none of the proceeds to the satisfaction of Kimball’s execution till the others be satisfied. McCagg may, I think, take a rule to that effect. The case is like that of a party coming to set off his judgment in the common pleas against a judgment in this court. This is often done; and we have even extended the same practice to judgments in a justice’s court.(a)
It is objected that the two executions in the common pleas issued before thirty days from the time of entering the judgments respectively had expired, in violation of the statute allowing that time. What this objection might amount to were it urged by Munger it is not necessary to say, for he makes an affidavit in support of this application, and has evidently consented that the executions might go within the time; at least he has waived the irregularity. The statute enlarging the time for issuing execution was intended for the exclusive benefit of the debtor. It belongs to our system of delaying creditors and exempting property from their executions for the ease of the debtor. He may waive all legal delays and exemptions in despite of third persons.
Rule accordingly.

 See Ewen v. Terry, (8 Cowen, 126 ;) Story v. Patten, (3 Wend. 331.) Barbour's Law of Set-Off, 36, 37, and cases there cited.