## THE OVERSEERS of the Poor of Otsego vs. PLUMB.

Where the circuit adjourned on the 2d of October, and the Defendant on the 4th of October served motion papers, and on the 3d Tuesday in November moved for judgment as in case of non-suit, at a special term held in the county where the parties and their attorneys resided, and it appeared that four special terms (at which the motion might have been made,) and one general term were held in adjoining counties, immediately preceding the 3d Tuesday in November; *held*, that the motion was properly made: that the Defendant was not guilty of *laches*, nor could he be considered remiss or negligent in moving.

*It seems* that in cases where proceedings are stayed, and requiring the greatest assiduity where the court is held consecutive weeks in adjoining counties, a motion noticed for the second term, being in the county where the parties and their attorneys reside, or the latter only, would be reasonable diligence, besides in most cases answering the purposes of economy to parties, and convenience to the profession in transacting their business in person.

[NOTE.—The decision in this case seems to be adverse in some respects to the case of *Gray* v. *Jones*, ante, p. 71. The first paragraph of the reporter's note in that case, may be broader than was intended by the decision of the justice in that case. Although from a knowledge of the fact, that about the time the present judiciary system went into operation, the question was considerably discussed among the profession, and by some of the justices, whether special motions would be required to be made at the first Special Term, (where they could be,) as formerly, and opinions entitled to great respect, which were expressed in the affirmative, led to the belief that the decision in the case of *Gray* v. *Jones*, was founded upon the same understanding, and it seems to have been at least so far as a stay is concerned.

*November Special Term,* 1847. *Otsego county.*—This was a motion for judgment as in case of non-suit, for not noticing the cause for trial at the September circuit, Otsego county. It appeared that the circuit adjourned on the 2d day of October, and that on the 4th day of October the

Defendant served notice of this motion for the special term; 3d Tuesday in November, at Cooperstown, where the attorneys of the parties reside. It also appeared that a special term was held in Madison the 2d Tuesday in October, a general term in Utica the 3d Monday in October, and a special term in Schoharie on the same day, a special term in Chenango on the 4th Monday in October, and one in Delaware on the 2d Tuesday in November, immediately preceding the present one in Otsego, all adjoining counties. It was insisted that the Defendant had forfeited his right to make the motion in consequence of *laches*.

MOREHOUSE, Justice.—In cases not provided for, the proceedings in this court are to be according to the customary practice as it existed heretofore in the Supreme Court. In the case of *Chapman* v. *Van Alstyne*, 6 Wend. 517, the Defendant had suffered four non-enumerated terms to elapse, before moving for judgment as in case of non-suit, and he was deemed to have waived his right. In the 9th Wend. 461, the court laid down a general rule as applicable to such cases. It establishes that *laches* should not be imputable to a Defendant, if his motion for judgment, as in case of non-suit, was made at any time previous to the next general term, after the circuit at which the cause might have been tried; or for which it ought to have been noticed; and that after a general term had intervened, such application would not be heard, unless the delay was satisfactorily accounted for. This rule received a construction in *Lyons* v. *Hoffman*, 10 Wend. 576. It was held in that case, that a Defendant had, until the second general term after the circuit, to move for judgment as in case of non-suit, there having been no special term after the circuit previous to the first general term, without excuse for delay. The special term at Madison the week preceding the general term at Utica, would take this case out of the rule. The rule requiring special motions to be made at the earliest day possible, applies to cases of irregularity, and other questions appertaining to the orderly conduct of a suit, and when allowing an adversary to proceed, may well be deemed a waiver of the objection. *Doty* v. *Russell*, 5 Wend. 129. In this case the Defendant, within two days after the circuit, gave notice of his motion at a special term to be held the ensuing month, at the residence of the parties and their attorneys; such proceeding cannot be truly characterized as remiss and negligent, the synonyme of *laches*. My attention has been called to the case of *Gray* v. *Jones*, 3 Howard's Special Term Reports, 71, decided by Justice Barculo. The circumstances of the case are not stated in the report. There was an order to stay proceedings, and that furnishes a reason for diligence, and the justice could not have intended to lay down

a rule as universal as the abstract, that " a special motion should be noticed for the special term, *first to be held in the county where it can be made*. In the present organization of the court, no one can fail to discover as prominent in the system, the purposes of economy to the suitor and convenience to the profession, in the transaction of their business in person, from the liberal assignment of courts to every county. In cases requiring the greatest assiduity, where the court is held consecutive weeks in adjoining counties, a motion noticed for the second term being in the county where the parties and their attorneys reside, or the latter only, would be an indulgence commended to the court as being alike convenient and sensible. Motion granted.