# WRIGHT *v.* COBLEIGH.

Courts of Law have power to set off mutual judgments.

The set-off is made between the real and equitable owners of the judgment, and not between the nominal parties.

If the defendant, against whom a judgment is recovered, is the assignee and equitable owner of an ascertained part of a judgment recovered against the plaintiff in the name of another person, that part may be set off against the plaintiff's judgment.

The application to set off judgments must be made in the court where the judgment was recovered against the party who makes the application.

To authorize a set-off of judgments it is not necessary that either of the suits shall be pending.

ASSUMPSIT. The action was pending in the western judicial district of Grafton county and was referred to an auditor, who found a balance of $402.76 due April 2, 1849, from the defendant to the plaintiff, on account of their private transactions. He also found that the defendant is plaintiff in interest in a judgment recovered in the name of Theodore Bliss against Wright, the plaintiff, in the court of common pleas for the eastern district of Grafton county, November term, 1846, in which the balance of debt and interest to April 2, 1849, was $501.92 ; and in a judgment recovered in the names of Theodore Bliss and Charles Stearns, against Wright, the plaintiff, in the court of common pleas for the eastern district of Grafton . county, November term, 1843, in which last mentioned judgment an execution had issued, and in which Cobleigh holds the interest of Theodore Bliss only, amounting, April 2, 1849, to $115.20. The auditor found the amount of Cobleigh's interest in those judgments up to April 2, 1849, to be $617.12.

The auditor also found a balance of $349.96 due from Cobleigh to Wright, on account of certain partnership transactions between them.

The plaintiff moved, in the court of common pleas, for an order on the defendant to set off the amount of the judgment, to which he was entitled in this action on account of private trans-

actions between the parties, including the cost, against the amount due to the defendant on the judgment recovered in the names of Theodore Bliss and Bliss and Stearns.

If, after such set-off, there should remain a balance due to Cobleigh on account of the judgments recovered in the names of Bliss, and Bliss and Stearns, the plaintiff moved for an order on the defendant to set off such balance against the balance due to the plaintiff on account of their partnership transactions, so far as the same might go. But if, in the opinion of the court, they have no authority to order a set-off of the last mentioned balances, then the plaintiff moved for an order on the defendant, restraining him from proceeding to collect or transfer the balance remaining due to him, on the judgments, recovered in the names of Bliss, and Bliss and Stearns, until the plaintiff can, by due process in equity, procure a decree for the balance due to him on account of the partnership transactions between the parties.

*D. Blaisdell,* for the plaintiff.

1. This application is addressed to the discretion of the court in the exercise of its authority at common law. *Chandler* v. *Drew,* 6 N. H. Rep., 469.

2. This court is not divested of its control by the fact tha Bliss *v.* Wright has passed into judgment, and that execution has issued in Bliss and Stearns *v.* Wright. *Middleton* v. *Hill,* 1 M. & S., 240 ; *Bridges* v. *Smith,* 8 Bingham, 29; *Simpson* v. *Hemdley,* 1 M. & S., 696. Such a set-off is not confined to judgments rendered at the same term nor in the same court. *Hall* v. *Oiley,* 2 Bos. & ·Pul., 28 ; *Bourne* v. *Bennett,* 4 Bingham, 423 ; *Phillipson* v. *Caldwell,* 6 Taunton, 176. But these judgments were all rendered in the same court.

3. It is not necessary that the judgments should be in the name of the same parties ; it is sufficient if the interest is mutual. *Hutchins* v. *Riddle,* 12 N. H. Rep., 464 ; *Bourne* v. *Bennett,* 4 Bingham, 423 ; *Barrett* v. *Barrett,* 8 Pick., 341. The plaintiff should seek his remedy here, and not by proceedings in equity.

4. The auditor having, on full investigation, found the bal-

ance due to the plaintiff on partnership account, the court have power and will exercise it, to order a stay on the judgment against him till he can obtain a decree in equity for that balance.

*Hibbard* for defendant.

The statute does not authorize the set-off of judgments. That provides only for set-off of executions in officers hands, in certain cases. Rev. Stat., chap. 194., § 1.

The statute authorizing the set-off of mutual demands in pending suits does not apply.

Whatever powers a court of equity might have, a court of law has no such power.

*Shapley* v. *Bellows*, 4 N. H. Rep., 347, is to the effect that when two parties have mutual executions against each other, either party is entitled, under the statute, to have an execution set off by the sheriff, against the other, whatever may have been the nature of the action in which the judgments have been obtained.

In *Hutchins* v. *Riddle*, 12 N. H. Rep., 464, the suit was continued on motion, that the defendant might prosecute to judgment a note against the plaintiff and another, so as to set off one judgment against the other. The claim so delayed was in suit, and within the control and jurisdiction of the court. In the present case the defendant has obtained his judgment. His claims have ceased to be pending; he is not a suitor of the court, and so under the control of the court in regard to his claims against the plaintiff. Executions have issued on one of his judgments at least. Nor is any thing shewn in regard to the circumstances of the defendant. *Shapley* v. *Bellows*, quā suprā. *Winslow* v. *Hathaway*, 1 Pick., 211.

One of the judgments sought to be set off, is in the name of another party, and the plaintiff has only half the real interest in it. The plaintiffs' remedy is in equity, if any where. Powers of the court of chancery are not to be confounded with those of courts of law; nor are decisions in equity applicable to this case.

The plaintiff has no judgment for any thing growing out of the partnership. The auditor's finding, on that point, has been rejected by the court.

The court have no power to order a stay on the judgments belonging to the defendant, and if they had, this is not a case which calls on them to exercise it.

PERLEY, J.   The statute requiring a sheriff to set off mutual executions does not reach to this case ; and the defendant contends that courts of law have no power to order one judgment to be set off against another ; that the plaintiff's remedy, if he have any, is in equity.   But it would seem to be quite needless to send the party into equity, where the facts of the case are simple and undisputed, and courts of law have long exercised this power in England.   *Barker* v. *Braham,* 3 Wilson, 196 ; *Dennie* v. *Elliott,* 2 H. Black, 587 ; Evans' note to 2 Pothier on Obligations, 101.

Courts of law have exercised the same power in this country. *Schemerhorn* v. *Schemerhorn,* 3 Caines' Rep., 190 ; *Brewerton* v. *Harris,* 1 Johns. Rep., 145 ; *Turner* v. *Satterlee,* 7 Cowen, 481 ; *Story* v. *Patten,* 3 Wendell, 331 ; *Graves* v. *Woodbury,* 4 Hill, 559 ; *Goodnow* v. *Buttrick,* 7 Mass., 140 ; *Makepeace* v. *Coals,* 8 Mass., 451 ; *Barrett* v. *Barrett,* 8 Pick., 342 ; *Gould* v. *Parlin,* 7 Greenl. Rep., 82.

The point has not perhaps been directly decided in this State, but the power appears to have been recognized and conceded in *Chandler* v. *Drew,* cited for the plaintiff.   In that case *Richardson,* C. J., says : " when the mutual claims of parties have passed into judgment, it is the practice of courts to set off one judgment against another.   This practice does not rest upon any statute, but upon the general jurisdiction of courts over suitors in them."   From such language we must infer, that it was understood by that learned judge to be a settled practice adopted in this State.   So in *Hutchins* v. *Riddle,* 12 N. H. Rep., 464 ; though the point was not expressly raised and decided, it was assumed that the court had this power.   In that case it is said that the court might set off the judgments, if the equity of the case

required it. We have no hesitation in holding that the court have the general power to set off mutual judgments.

It is not necessary, for the exercise of this power, that either of the actions should be pending. In *Middleton* v. *Hill*, 1 M. & S., 240, the judgments were rendered and executions issued in both suits. In *Simpson* v. *Hauley*, 1 M. & S., 696, the defendant, who moved for the set-off, had the plaintiff in custody on his execution. In *Bridges* v. *Smith*, 8 Bingham, 29, Bridges was dead, and the rule to set off the judgment was made absolute against her administrator, without any suit by or against him.

Judgments rendered in different courts may be set off against each other. *Brewerton* v. *Harris*, 1 Johns. Rep., 145 ; *Cook* v. *Smith*, 7 Hill, 186.

It is not necessary, nor is it enough, for the judgments to be between the same nominal parties ; for though the parties are in name mutual, if one of the judgments has been *bonâ fidē* assigned, they will not be set off. *Graves* v. *Woodbury*, 4 Hill, 559 ; *Mason* v. *Knowlton*, 1 Hill, 218 ; *Turner* v. *Satterlee*, 7 Cowen, 480.

In this matter courts of law are governed by the general principle that the rights of an assignee will be protected. They look to the real and not to the nominal party. It is not necessary that the judgment should stand in the name of the party ; it is enough if it appear that he is the real owner. *Bottomly* v. *Brook*, cited 1 Term Rep., 621 ; *Turner* v. *Satterlee*, 7 Cowen, 481 ; *Barrett* v. *Barrett*, 8 Pick., 342.

This principle, of looking to the real interest of the party, will extend to the undivided interest in the judgments which the plaintiff asks to have set off. The amount is paid and determined. The court can have no difficulty in making the application of that amount to the judgment which the plaintiff has recovered against the defendant.

When the right of set-off depends on the validity of an assignment, and the assignment is disputed, if the question of fact is complicated and difficult, a court of law will decline to settle it on motion, and leave the party to his remedy in equity. *Story* v. *Patten*, 3 Wendell, 331.

Wright *v.* Cobleigh.

The interest of the defendant, in the judgments recovered in other names against the plaintiff, being found in the case, we think, on application in the proper jurisdiction, the plaintiff would be entitled to have the judgments in this suit set off against the interest which the defendant has in those judgments.

But the judgments against the plaintiff were rendered in the eastern district of Grafton, and this suit was in the western district. The two districts of that county, as to jurisdiction in civil actions, are by the statute, put on the same footing as two separate counties. This motion was made in the western district, and the common pleas sitting there had no jurisdiction to make an order in a cause or judgment in the eastern district. It is clear on authority, and on the reason of the thing, that a party seeking a set-off of judgments rendered in different jurisdictions, must move in that court where the judgment against him was rendered. This motion must therefore be denied, because it was made in the western district, and the judgment against the plaintiff who makes the motion was rendered in the eastern district. *Cook* v. *Smith*, 7 Hill, 186.

In this suit at law the court had no power to liquidate the partnership account, and the auditor's report cannot · be taken to have established that a balance was due on that account to the plaintiff; as the court of common pleas could not render judgment on the auditor's report for that balance, it is quite clear that it could not be set off against the judgment recovered in the eastern district against the plaintiff. Nor do we think that the report would be sufficient foundation for an order in the common pleas to stay execution till the balance were liquidated in equity.

*Motion denied.*