## CONSIDER DICKINSON *vs.* CHARLES WILLIAMS.

One tenant in common may maintain an action at law against his cotenant to recover for money expended by him in removing a joint incumbrance upon the estate, and also to recover his share of the money actually received by the defendant from sales of the common property, although the tenancy in common still continues.

The items of payments and receipts by two tenants in common concerning their joint estate, constitute an "an open and mutual account current" within the statute of limitations—Rev. Sts. c. 120.

THIS was an action of contract, commenced February 20th, 1852, by one tenant in common against his cotenant, to recover one half of certain moneys expended by the plaintiff for the joint benefit of the parties, and also one half of the amount received by the defendant, as the rents, profits, and sales of their joint estate.

From the report of the auditor, to whom the case was referred, it appeared that on the 26th June, 1839, the parties purchased a large farm for $8,497.12, then being under mortgages to the amount of $4,664, which they jointly assumed to pay. It was verbally agreed between them to sell such part of the farm as might be necessary to extinguish the mort-

gages and repay them their advances for the purchase, and the defendant was to have charge of the sales and the application of the funds received therefrom, and from the rents. Several sales were made, and large sums of money received by the defendant therefor, mostly in the years 1840 and 1841, and a comparatively small amount was received by the plaintiff. In the years 1845, 1846, and 1847, the plaintiff was compelled to pay and did pay, at different times and in different sums, over $3,000 more than he had received, for the discharge of the original mortgages, and in settlement of the covenants of warranty contained in the joint deeds of the parties of the land held in common; the first item of which payment was $132.50, paid October 13th, 1845, and the defendant, besides his other grounds of defence, relied upon the statute of limitations as a bar to this item, the action not having been commenced within six years. It also appeared that the defendant had, in various sales and rents of the estate, received several thousand dollars more than he had paid out, the greater part of which was in his hands when the plaintiff was compelled to discharge the mortgages from his own funds. There were no outstanding liabilities growing out of the original purchase, except between the plaintiff and the defendant; the incumbrances having all been discharged by the plaintiff. About one hundred and seventy acres of the original purchase remained still undisposed of and held in common. Upon these facts, and others not material, the parties agreed that this court should render such judgment as the law requires. The case was argued in Boston in January, 1854.

*G. T. Davis*, for the plaintiff.

*G. D. Wells*, for the defendant.

DEWEY, J. It is objected to the maintenance of the present action that the plaintiff's only remedy is by a bill in equity. This point is urged as one necessarily resulting from the relation of these parties as tenants in common of the real estate, in reference to which the plaintiff claims that the defendant is indebted to him for money paid out and expended for the common benefit, and also for his proportionate share

of money received from sales of the common property. As between such parties, it is contended that assumpsit will not lie to recover a proportional part of any money that one party has received beyond his share from the sale or use of the common property, or for a proportional share of money advanced by one party to relieve the estate from a common burden which both were equally bound to remove. But this position, we think, cannot be maintained. Numerous cases in our own reports hold the contrary doctrine. The cases of *Brigham* v. *Eveleth*, 9 Mass. 538, and *Jones* v. *Harraden*, 9 Mass. 540, cited in a note to the former case, are decisions that *in debitatus assumpsit* will lie by one tenant in common against another who has received more than his share of the profits of the common property. This form of action was allowed in *Miller* v. *Miller*, 7 Pick. 133, and 9 Pick. 34, to recover money due for the share of one tenant in common in a sale of trees standing on the common land. It was allowed in *Fanning* v. *Chadwick*, 3 Pick. 426, where Wilde, J. says, " when a plain, convenient, and adequate remedy may be had at law, a party ought not to be turned over to a court of equity." The Rev. Sts. *c.* 118, § 43, abolishing the action of account, gives a bill in equity only in cases " where it cannot be conveniently and properly adjusted in an action of assumpsit." In *Munroe* v. *Luke*, 1 Met. 459, which was assumpsit by one tenant in common against his cotenant to recover his share of rents, it was held that where it was a claim for money actually received by defendant, to which in some form the plaintiff has title, it can be conveniently settled in an action of assumpsit.

Money expended by the plaintiff to pay off a common incumbrance necessary to be removed to discharge their joint covenants, must equally be the proper subject of an action of assumpsit by one tenant in common against his cotenant. Even in the case of copartners, assumpsit has been held to lie if there are no outstanding demands against the partners or outstanding debts to be collected, so that the judgment to be rendered will be a final settlement between the parties. *Rockwell* v. *Wilder*, 4 Met. 556; *Bromley* v. *Kupfer*, 6 Pick. 1⁻9;

*Williams* v. *Henshaw,* 11 Pick. 79.   The present case, if tested even bÿ this rule, would be maintainable.   This judgment, when rendered, will be a final settlement between the parties. The judgment will adjust àll their former liabilities for moneys received, and money advanced for the common benefit, and leaves each the holder of his interest in the land remaining unsold.

The claim of the plaintiff is not barred by the statute of limitations, the accounts existing between the parties oeing such as show " a mutual and open account current " within the decision of *Penniman* v. *Rotch,* 3 Met. 216.

*Judgment for the plaintiff.*