## CLARK v. PLATT.

. (Supreme Court, Appellate Division, First Department.  April 14, 1899.)

1. TENANTS IN COMMON—REFUNDING OF MUNICIPAL ASSESSMENTS.
    Plaintiff paid assessments levied on land belonging to him and defendant, the title to which was taken in plaintiff's name, under an agreement with defendant that plaintiff should collect all rents, and pay taxes, assessments, etc., on their joint account, the sums so disbursed to be refunded by the rents or sales, or by the parties in proportion to their interest in the land.  Afterwards an accounting was had between the parties, defendant paying plaintiff for his share of the assessment.  Laws 1895, c. 442, directed the refunding of the assessment to the parties paying the same. *Held,* that plaintiff was not entitled to the whole sum paid, but only to his proportionate share.

2. SAME—MUTUAL RIGHTS—LIENS.
    The fact that a tenant in common has a right of contribution against his co-tenant for the payment of taxes and of a mortgage does not give him a lien on the latter's share in a refunded assessment paid on the joint property while the tenants were partners therein.

Appeal from trial term.

Action by Cyrus Clark against Annie R. Platt.  From a judgment for defendant, plaintiff appeals.  Affirmed.

The following is the opinion of the court below (KELLOGG, J.):

"An act of the legislature passed in 1895 [Laws 1895, c. 442] directed payment by the city of New York of certain assessments for opening streets, theretofore levied and collected, but never disbursed, and directed that payment should be made to parties paying the same.  It appears that in 1886 the plaintiff, Cyrus Clark, and one William H. Martin (the defendant's assignor), made a written agreement, touching the purchase, holding, and management of certain land in the city.  A feature of which agreement was that the title should be taken in the name of Clark, and he should collect rents, pay taxes and assessments, etc., on the joint account of Clark and Martin, and that Martin and Clark should be chargeable therewith; the sums so disbursed to be refunded by the rents or sales, or by the parties in proportion to their interest in the land.  In 1873, and under this arrangement, Clark paid to the city $1,364.38 on assessment for opening a street through lands so owned by Clark and Martin, the interest in which of said Clark was one-fourth, and the interest of Martin three-fourths.  The same year an accounting between Clark and Martin was had, and this item was adjusted; Martin paying three-fourths, and Clark one-fourth.  The counsel for plaintiff, Clark, contends that there is here a question as to who made this payment to the city, as contemplated by the act of 1895.  I cannot see that the undisputed facts admit of a question.  While the payment was made by the hand of Clark, he made it as agent for Clark and Martin, and they must be treated as the parties making it.  The further contention of plaintiff's counsel, that plaintiff has an equitable claim or lien upon the fund, which the court should recognize in this action, is more easily asserted than discovered.  The relations between the parties existing when this assessment was paid ended in 1874, when a full settlement was had, and a conveyance of title to Martin by Clark of an undivided three-fourths of this land was executed and delivered.  Thereafter there existed no partnership relation between the parties.  It is true, for a time they were tenants in common of land; that while so tenants in common Clark paid some taxes, for which he might have brought action in contribution against Martin.  It is also true that in 1876 an outstanding mortgage upon the land was foreclosed, and a judgment for deficiency taken against Clark and Martin, which Clark paid; and for which he had a right of action in contribution against Martin.  Both of these rights of action have expired by limitation; but, if they presently existed, I do not see how they could be regarded as impressing a lien, legal or equitable, upon this claim against the city.  The judgment in this case should

direct the payment of the sum named, one-fourth to the plaintiff and three-fourths to the defendant, Annie R. Platt, and that plaintiff pay the costs of the action."

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

T. H. Baldwin, for appellant.
C. L. Barber, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of the court below.

---

PIERSON v. WARD.

(Supreme Court, Appellate Term. May 24, 1899.)

MUNICIPAL COURT—JURISDICTION.
The municipal court of New York City has not jurisdiction of an action against a nonresident of the state; the provisions of the Greater New York charter attempting to confer it being unconstitutional.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Eleanor R. Pierson against James M. Ward. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

Adams & Hyde, for appellant.
James S. Lehmaier, for respondent.

FREEDMAN, P. J. The defendant, by his answer, duly pleaded that, at the time of the commencement of the action, the defendant was, and still is, a nonresident of the county of New York, and that by reason thereof the court in which the action was brought had no jurisdiction, etc. At the trial the defendant showed that at the various times referred to he resided at Red Bank, in the state of New Jersey. It was held by this court in Rieser v. Charles F. Parker & Co., 57 N. Y. Supp. 745, that the provisions of the Greater New York Charter attempting to confer upon the municipal court of the city of New York jurisdiction of actions in which the defendant is a nonresident of the state are unconstitutional, and the case at bar is covered by that decision.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

---

(27 Misc. Rep. 544.)

DIENER et al. v. SCHWAB.

(Supreme Court, Appellate Term. May 24, 1899.)

SALE—BONA FIDE PURCHASER FROM VENDEE.
Reversal of judgment for plaintiffs in replevin, for goods sold and delivered by them to M. just previous to M.'s failure, is required by evidence, not contradicted or discredited, that defendant, in whose possession the goods were, bought them acting for F., who paid the value therefor.