RANDO v. NATIONAL PARK BANK OF NEW YORK.

(Supreme Court, Appellate Division, First Department. March 11, 1910.)

1. JUDGMENT (§ 905*)—LEAVE TO SUE—JUDGMENT AS COUNTERCLAIM.

Though the court under Code Civ. Proc. § 1913, authorizing the court to grant leave to sue on a judgment, should not grant leave to sue on a judgment to revive the lien when unnecessary for the protection of any right of the judgment creditor, and when prejudicial to the judgment debtor, it can grant leave to a defendant in an action for the conversion of coal to plead as a counterclaim a judgment obtained by him against plaintiff on the acceptance of a draft accompanied by a bill of lading for the coal, where plaintiff is a nonresident, and has no property within the state, subject to the determination of the question whether the judgment may be so pleaded.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1725; Dec. Dig. § 905.*]

2. SET-OFF AND COUNTERCLAIM (§ 59*)—OPERATION AND EFFECT—EXTINGUISHMENT OR REDUCTION OF PLAINTIFF'S CLAIM—JUDGMENT FOR EXCESS.

Code Civ. Proc. §§ 500, 501, 509, authorizing a counterclaim, and providing that, where defendant deems himself entitled to an affirmative judgment against plaintiff by reason of a counterclaim interposed, he must demand the judgment in his answer, authorize defendant, in an action for the conversion of coal, to counterclaim his judgment on the acceptance of the draft accompanied by a bill of lading for the same coal as a set-off in extinguishment or reduction of plaintiff's cause of action without demanding an affirmative judgment, but defendant may also plead the judgment, so that, if plaintiff establishes a cause of action in excess of the judgment, he will have judgment only for the excess, and, if he fails to establish a cause of action equal to the judgment, defendant may have a judgment for the balance.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. § 130; Dec. Dig. § 59.*]

Appeal from Special Term, New York County.

Action by Frank Rando against the National Park Bank of New York. From an order granting leave to defendant to bring an action against plaintiff on a judgment recovered by it against him for $12,978.90, or, at the option of defendant, to serve an amended answer setting up the judgment as a counterclaim, plaintiff appeals. Modified and affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

George A. Baker, for appellant.
Louis F. Doyle, for respondent.

LAUGHLIN, J.  The pleadings in this action are not in the record, but it appears by affidavit that it is brought to recover the sum of $16,500 for the conversion of coal, and that the judgment which the defendant recovered against the plaintiff was on the acceptance of a draft accompanied by a bill of lading for the same coal.  The question as to whether the judgment is a proper counterclaim to the plaintiff's cause of action is not presented for adjudication, and doubtless that question should be left to be determined upon the trial of the issues.

The questions argued on this appeal relate to the jurisdiction of the court to grant leave to plead a judgment as a counterclaim and to the propriety of granting such leave, and not to the question as to whether the judgment in question is one that may be so pleaded.  It is contended in behalf of the appellant that the Legislature did not intend by section 1913, Code Civ. Proc., to authorize the court to grant leave to sue upon a judgment until the lien thereof was about to expire, and that it was not contemplated that leave was to be granted for the purpose of pleading the judgment as a counterclaim.  We agree with this contention to the extent that leave should not, and probably could not, be granted at this time to sue upon the judgment merely for the purpose of reviving it as a lien, for that would not be necessary for the protection of any right of the defendant, and would be prejudicial to the rights of the plaintiff and oppressive, for the reason that it would result in the recovery of additional costs and in placing upon the records another judgment, and on the same theory with equal propriety leave might be granted to the defendant to bring a new action on the second judgment thus recovered, and this might be continued indefinitely.  We are of opinion, however, that it was within the authority of the court to grant leave to the defendant either to bring an action on the judgment to offset it against any judgment that may be recovered by the plaintiff in this action as soon as such recovery is had, or, as was done, to plead it as a counterclaim herein.  Under the former practice, which authorized the pleading of a judgment or other cause of action as a set-off without any demand for affirmative relief, that was not regarded as an action on the judgment within the purview of the statute requiring leave of the court to sue upon the judgment.  Wells v. Henshaw, 3 Bosw. 625; Clark v. Story, 29 Barb. 295; Cornell v. Donovan et al., 14 N. Y. St. Rep. 687.

But it has been held that an action to set off a judgment recovered or owned by the plaintiff against a judgment recovered or owned by the defendant is an action on the judgment.  Dieffenbach v. Roch, 112 N. Y. 621, 20 N. E. 560, 2 L. R. A. 829.  Therefore leave of the court would doubtless be necessary to authorize the defendant to bring such an independent action to set off its judgment.  The Code of Civil

Procedure does not provide for pleading a set-off. The word "counterclaim" only is used. Code Civ. Proc. §§ 500, 501; Throop's note to section 501. Doubtless the Legislature intended to authorize the pleading of a cause of action as a counterclaim in reduction of any recovery to which the plaintiff might otherwise be entitled the same as under the former practice in pleading a set-off, for section 509, Code Civ. Proc., provides as follows:

"Where the defendant deems himself entitled to an affirmative judgment against the plaintiff, by reason of a counterclaim interposed by him, he must demand the judgment in his answer."

Doubtless the defendant might counterclaim its judgment as a set-off in extinguishment or reduction of the plaintiff's cause of action without demanding an affirmative judgment, and that is the remedy which counsel for appellant contends is open to it, but, if it were to do that, it would run the risk of extinguishing its judgment, even though the plaintiff failed to establish a cause of action, unless the record showed that plaintiff's cause of action was not sustained, and likewise if plaintiff established a cause of action for less than the amount of its judgment, for such was the rule applicable to set-offs. McGuinty v. Herrick, 5 Wend. 240; Freeman on Judgments, § 279. If the defendant be not permitted to plead its judgment as a counterclaim, and the plaintiff fails to establish his cause of action, his complaint will be dismissed with costs. Assuming that the defendant's judgment is a proper counterclaim to the plaintiff's cause of action, if the defendant be permitted to plead it and to recover an affirmative judgment upon it in the event that the plaintiff fails to establish his cause of action, the costs recovered against the plaintiff will be no more than if the counterclaim had not been pleaded. The only hardship that may result to the plaintiff will be in having another judgment with additional interest against him; but satisfaction of either would pro tanto satisfy the other. See Doty v. Russell & Pearl, 5 Wend. 129. On the other hand, if the counterclaim be pleaded and the plaintiff establish a cause of action greater than the amount of the counterclaim, he will have a judgment for the balance and the defendant's judgment will be extinguished, and, should he fail to establish a cause of action equal to the counterclaim, the defendant will have judgment for the amount its counterclaim exceeds the plaintiff's demand and its former judgment will be satisfied to the extent of the plaintiff's cause of action. Doty v. Russell & Pearl, supra.

It appears that the plaintiff had left the United States and was in Italy at the time the motion was made, and the attorney for the defendant states in his affidavit that he is informed and believes that the plaintiff is residing in Italy and has no property within this state, but he does not state the sources of his information or the grounds of his belief. It is stated in an affidavit made by the attorney for the plaintiff that the plaintiff is only in Italy temporarily, and contemplates returning to New York shortly. If this judgment be a proper counterclaim, it is manifest that the defendant may be seriously prejudiced if it be not permitted to plead it as a counterclaim and to demand affirmative relief thereon. The mere recovery of a judgment against

the defendant where it has a claim against the plaintiff for perhaps more than such judgment which has been judicially established would be prejudicial to its rights, and may be prejudicial in other ways. Defendant might succeed in having its judgment offset by motion, but that is addressed to the sound discretion of the court; and it is manifest that the relief could not be granted if the plaintiff's cause of action or judgment should be assigned for the rights of the assignee could not be adjudicated on a motion unless he consented thereto. Smith v. Lowden, 3 N. Y. Super. Ct. (1 Sandf.) 696; A. Story v. Patten, 3 Wend. 331; Baker v. Hoag, 6 How. Prac. 201; Zogbaum v. Parker, 55 N. Y. 120. See, also, Davidson v. Alfaro, 16 Hun, 353, affirmed 80 N. Y. 660. It then would be obliged to resort to an action to set off its judgment against the plaintiff's judgment which likewise would not be a matter of right, but would be addressed to the discretion of the court (De Camp v. Thomson, 159 N. Y. 444, 54 N. E. 11, 70 Am. St. Rep. 570), and in that action it might obtain an injunction, but in the meantime an execution might be issued on the plaintiff's judgment and levied on its property. See Code Civ. Proc. § 1365. The statutory authority to grant leave to bring an action on the judgment authorizes the court, we think, to permit it to be pleaded as a counterclaim. The hardship which that will entail upon the plaintiff is incident to securing to the defendant adequate protection in its rights.

It follows, therefore, that the order should be modified by striking out the provision thereof granting leave to the defendant generally to bring an action on the judgment, and, as thus modified, affirmed without costs. All concur.