(164 App. Div. 705)

KELLY et al. v. STRUTH.   (No. 6373.)

(Supreme Court, Appellate Division, First Department.   December 4, 1914.)

1. SET-OFF AND COUNTERCLAIM (§ 23*)—SUBJECT-MATTER—TENDENCY TO DI-
   MINISH OR DEFEAT PLAINTIFF'S RECOVERY.
   A counterclaim in an action of ejectment, alleging that defendant was
   mortgagee of the property in question and foreclosed the same on non-
   payment of the debt, and entered into possession as a purchaser at the
   foreclosure sale relying on the fact that plaintiff, who claimed an inter-
   est as heirs of the mortgagor, had been properly served in the foreclosure
   suit, which they deny, and that he improved the land and paid taxes, and
   asking a recovery of the principal of the debt, with interest, and the cost
   of improvements and taxes paid, if it be found that plaintiffs had not
   been properly served, otherwise for a dismissal of the complaint, states
   a cause of action in favor of defendant, which tends to diminish or defeat
   plaintiff's recovery, within Code Civ. Proc. § 501.
   [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig.
   § 38; Dec. Dig. § 23.*]

2. EJECTMENT (§ 72*)—COUNTERCLAIM—ALTERNATIVE RELIEF.
   The fact that the counterclaim was in the alternative, in that it asked
   for a dismissal of the complaint if it was found that plaintiff had been
   properly served in the foreclosure action, would not defeat it as a coun-
   terclaim, under Code Civ. Proc. § 501.
   [Ed. Note.—For other cases, see Ejectment, Cent. Dig. § 197; Dec. Dig.
   § 72.*]

3. MORTGAGES (§ 535*)—MORTGAGEE AS PURCHASER—RIGHTS AS TO PERSONS
   NOT PROPERLY SERVED.
   Where persons having an interest subordinate to a mortgage claimed
   that their interest had not been extinguished, because they were not
   served in the foreclosure suit, the purchaser at the foreclosure sale will
   be deemed, as against them, to be a mortgagee in possession, and may
   again foreclose the mortgage as to their claims.
   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1556; Dec. Dig.
   § 535.*]

4. TENANCY IN COMMON (§§ 29, 30*)—IMPROVEMENTS—EXPENDITURES—CON-
   TRIBUTION.
   A mortgagee, purchasing the property at foreclosure sale and making
   improvements, paying taxes, etc., would be entitled to contribution from
   persons recovering an interest in the land as heirs of the mortgagor, be-
   cause not properly served, as they would be tenants in common with the
   mortgagee.
   [Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. §§ 89,
   92, 94–96, 98, 99; Dec. Dig. §§ 29, 30.*]

5. EJECTMENT (§ 146*)—COUNTERCLAIM—SUFFICIENCY OF ALLEGATIONS.
   Where a counterclaim for value of improvements and taxes paid, inter-
   posed in an action of ejectment, alleges the facts, defendant is not de-
   prived of the right to offset his claim by the failure to specifically de-
   mand that the expenditures be offset.
   [Ed. Note.—For other cases, see Ejectment, Cent. Dig. § 516; Dec. Dig.
   § 146.*]

6. EJECTMENT (§ 146*)—COUNTERCLAIM—AFFIRMATIVE RELIEF.
   Under Code Civ. Proc. § 501, a counterclaim in an ejectment suit, set-
   ting up a cause of action in favor of defendant to foreclose a mortgage,
   defeating the rights of plaintiff in ejectment, may set up also that, in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

event plaintiff in ejectment succeeds, defendant be allowed to recover for improvements, taxes paid, etc.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. § 516; Dec. Dig. § 146.*]

7. MORTGAGES (§ 191*)—RIGHT OF POSSESSION—DEFAULT.

A mortgagee, lawfully in possession after default, is entitled to retain possession until the premises are redeemed.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 469, 476, 477, 479–481; Dec. Dig. § 191.*]

Appeal from Special Term, New York County.

Ejectment by Julia Kelly and Elizabeth Neach against Michael Struth. From an order overruling plaintiffs' demurrer to a counterclaim interposed by defendant, plaintiffs appeal. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

James E. Farrell, of New York City, for appellants.

Harold Swain, of New York City (Hamilton C. Rickaby, of New York City, on the brief), for respondent.

LAUGHLIN, J. This is an action in ejectment to recover the possession of premises described in the complaint and $6,000 damages for the wrongful detention thereof. The plaintiffs allege that they were at the time of the commencement of the action, and are, the owners in fee and entitled to the possession of an undivided one-half interest in the premises described in the complaint, known as No. 638 Jackson avenue, in the borough and county of the Bronx, and that the defendant was and is in possession and has ousted plaintiffs, and denies that they have any title or interest therein.

The answer of the defendant admits that he has been and is in possession of the premises, and denies that the plaintiffs have any title or interest therein, and puts in issue the other material allegations of the complaint. As a first defense, defendant pleads that he brought an action for the foreclosure of a mortgage upon the premises, and procured judgment therein May 11, 1898, forever barring and foreclosing plaintiffs from any right, title, or interest in the premises, and that pursuant thereto the premises were duly sold and conveyed to the defendant; and he alleges that the plaintiffs were defendants in that action, and pleads the judgment therein in bar. As a second separate defense he alleges that on the 10th day of May, 1895, one Sarah Nolan, who then owned the premises, executed a mortgage thereon, with the exception of that part thereof taken for the opening of Robbins avenue, to him as collateral security for the payment of $1,500, with interest, evidenced by the bond of said Nolan, bearing even date therewith: that Nolan died on the 12th day of August, 1897, and by her death plaintiffs acquired some interest in the premises as devisees or heirs at law, which, however, was subordinate to the lien of the mortgage; that, on a breach of the conditions of the bond with respect to the payment of interest, defendant brought an action to foreclose the mortgage, and that the plaintiffs were parties defendant therein; and that pursuant to a judgment of foreclosure and sale in said action the prem-

ises were sold to the defendant, who on or about the 7th day of July, 1898, "with the consent and with the knowledge and acquiescence of these plaintiffs, entered into and has ever since remained in possession of said premises," and has paid taxes and assessments duly levied thereon, amounting, exclusive of interest, to the sum of $2,200.

[1, 2] In the counterclaim, the defendant pleads that the mortgagor failed to pay the interest due and payable on November 10, 1896, pursuant to the bond, and the subsequent installments of interest, and that thereupon defendant elected to declare the entire principal immediately due and payable, and on the 4th day of January, 1898, brought an action for the foreclosure of the mortgage, and named and served plaintiffs as parties defendant, and on the foreclosure sale bid in the premises for the sum of $1,800, and paid the amount of his bid to the referee, from whom he received a deed in the premises bearing date July 7, 1898, and entered into possession claiming ownership pursuant to said deed, and still remains in possession; that the mortgagor and the plaintiffs failed to comply with the conditions of the bond by omitting to pay the principal of $1,500 and interest from May 10, 1896, secured by the mortgage; that at the time defendant entered into possession there was a frame structure on the premises so out of repair as to be unfit for occupation and of no value, and that he expended in repairing the building and in constructing an additional building on the premises the sum of $5,400, and has paid the sum of $2,200 for taxes and assessments which had become liens on the premises, relying upon an affidavit of due service upon the plaintiffs contained in the judgment roll, which the plaintiffs now claim was erroneous; that said expenditures and disbursements were made by the defendant in good faith and in the belief that he was the absolute and unquestioned owner of the premises, and that plaintiffs had actual knowledge of said expenditures and acquiesced therein; and that there is now justly due and owing to the defendant on the bond and mortgage the sum of $1,500, with interest at 6 per centum per annum from the 10th day of May, 1896, and the sum of $2,200 paid for taxes and assessments, with interest at the rate of 6 per centum per annum from the respective dates of payment, and the sum of $5,400 paid for improvements, with interest from the date of payment. The defendant demands judgment that the complaint be dismissed, with costs, and, in the event that it shall be adjudged that plaintiffs' interest has not been cut off by the foreclosure, that defendant have judgment for the foreclosure and sale of the premises, and that plaintiffs and all persons claiming under them subsequent to the commencement of this action may be barred and foreclosed of all right, claim, lien, and equity of redemption, and that from the moneys arising from the sale the defendant be paid the amount due on the bond and mortgage, together with interest, and all disbursements incurred by the defendant for taxes, assessments, and improvements, with interest, together with costs of the action, and for such other and further relief in the premises as may be just and equitable.

The demurrer interposed by the plaintiffs is upon the ground that it appears upon the face of the counterclaim that it "is not of the char-

acter specified in section 501 of the Code of Civil Procedure, in that it in no way tends to diminish or defeat the plaintiffs' recovery."

[3, 4] In Vought v. Levin, 142 App. Div. 623, 127 N. Y. Supp. 479, this court held that where persons, having an interest subordinate to a mortgage, claim that their interest has not been extinguished, owing to the fact that the summons was not served upon them in an action to foreclose the mortgage, the purchaser at the foreclosure sale will be deemed, as against them, to be a mortgagee in possession, and may again foreclose the mortgage as to their claims. If it shall be established on the trial that the plaintiffs were served in the foreclosure action, then they are concluded by the judgment therein; and if it shall not be so established, then manifestly the defendant is lawfully in possession as mortgagee; and in neither event are the plaintiffs entitled to possession. The contention of the plaintiffs is that the counterclaim is not a *cause of action* against the plaintiffs in favor of the defendant, which tends in some way to diminish or defeat their recovery, within the provisions of section 501 of the Code of Civil Procedure. We are of opinion that the counterclaim as pleaded is a cause or causes of action in favor of the defendant against the plaintiffs, and that it is connected with the subject of the action within the purview of said section, and does tend to diminish or defeat their right to recover possession of the premises and damages. The subject of the action is the alleged right of the plaintiffs to possession of the premises, and the counterclaim shows that the defendant is in any event in lawful possession of the premises as mortgagee, and is entitled to retain possession, and to have the right, claim, and interest of the plaintiffs foreclosed, if not already foreclosed. Moreover, the defendant is in any event a tenant in common with the plaintiffs, and has made expenditures and disbursements, for part of which, at least, either at law or in equity, he is entitled to contribution, which would here be an effect to the claim of the plaintiffs for damages, or for use and occupation, or rental value. See Jones v. Duerck, 25 App. Div. 551, 49 N. Y. Supp. 987; Adams v. Bristol, 126 App. Div. 660, 111 N. Y. Supp. 231; Reeves on Real Property, vol. 2, § 686; Campbell v. Mesier, 4 Johns. Ch. 334, 8 Am. Dec. 570; Dickinson v. Williams, 11 Cush. (65 Mass.) 258, 59 Am. Dec. 142; Clark v. Platt, 39 App. Div. 670, 58 N. Y. Supp. 361. See, also, Putnam v. Ritchie, 6 Paige, 390; Cosgriff v. Foss, 152 N. Y. 104–108, 46 N. E. 307, 36 L. R. A. 753, 57 Am. St. Rep. 500; Satterlee v. Kobbe, 173 N. Y. 91, 97, 65 N. E. 952; Adams v. Bristol, 126 App. Div. 660, 111 N. Y. Supp. 231, affirmed 196 N. Y. 510, 89 N. E. 1095; Conklin v. Conklin, 3 Sandf. Ch. 64; Prentice et al. v. Janssen et al., 79 N. Y. 478.

The cause of action for foreclosure pleaded in the counterclaim is one upon which the defendant could sue the plaintiffs, under our decision in Vought v. Levin, supra, for the plaintiffs are asserting that their interest has not been cut off by the foreclosure, which affords sufficient basis for a mortgagee in possession to institute a foreclosure action against them. It is quite clear on the facts that that cause of action exists in favor of the defendant; but it is unnecessary for the defendant to assert it, unless it shall be established that the plaintiffs

were not served in the foreclosure action. The situation, therefore, is' that the defendant pleads in the counterclaim a sufficient cause of action against the plaintiffs, and the sufficiency thereof as a counterclaim is not affected by the fact that he states that he desires to assert it only if it shall become necessary to do so. It is manifest that the counterclaim tends to diminish or defeat the plaintiffs' recovery, for it shows that the defendant, while lawfully in possession as mortgagee, in good faith and with the knowledge and acquiescence of plaintiffs, expended money for the preservation and maintenance of the property, which gives him an equitable lien on the premises and offset against plaintiffs' claim for damages, and cause of action for reimbursement. Miner v. Beekman, 50 N. Y. 337; Jones v. Duerck, 25 App. Div. 551, 49 N. Y. Supp. 987; Adams v. Bristol, 126 App. Div. 660, 111 N. Y. Supp. 231, affirmed 196 N. Y. 510, 89 N. E. 1095. And, furthermore, he would have an offset for contribution against his cotenants, since he made the disbursements under the erroneous belief that he owned the entire premises.

[5] The defendant has pleaded the facts, and he is not to be deprived of offsetting his claim for expenditures and disbursements against the amount to which the plaintiffs might otherwise be entitled by his failure to specifically demand that such expenditures and disbursements be offset.

[6, 7] Counsel for the appellants claims that the counterclaim is to be construed merely as a cause of action in favor of the defendant against the plaintiffs for the foreclosure of the mortgage, and that the other facts pleaded in the counterclaim are to be disregarded. That construction is altogether too narrow, for the defendant is entitled to the benefit of the facts pleaded, both as counterclaiming an offset and as a counterclaim for affirmative relief. Rando v. Nat. Park Bank, 137 App. Div. 190, 121 N. Y. Supp. 1048; Barber v. Ellingwood, 137 App. Div. 704–710, 122 N. Y. Supp. 369. The plaintiffs claim in effect that, assuming the facts pleaded in the counterclaim to be true, the court upon the trial of the action would be obliged, if it were found that the plaintiffs were not served in the foreclosure action, to award plaintiffs possession of the premises, notwithstanding that by the same decree the defendants would be entitled to judgment of foreclosure and sale. That contention disregards the rule that a mortgagee lawfully in possession after default, as the defendant is here according to the facts pleaded in the counterclaim, is entitled to retain possession until the premises are redeemed. Madison Ave. Baptist Church v. Oliver St. Baptist Church, 73 N. Y. 82; Becker v. McCrea, 149 App. Div. 211, 133 N. Y. Supp. 771; Barson v. Mulligan, 191 N. Y. 306, 84 N. E. 75, 16 L. R. A. (N. S.) 151.

It follows that the order should be affirmed, with $10 costs and disbursements. All concur.