JOHN C. DURR, Appellant, _v._ THE VILLAGE OF GREEN ISLAND, Respondent.

_Municipal corporation — neglect to remove snow and ice from its streets — injury resulting from one of two causes, for only one of which defendant is liable._

Snow and ice having accumulated to the depth of six inches on the sidewalk of a village street, and not having been removed by the village authorities, and having, by reason of pedestrians passing over it when the temperature was high, become soft and marked by foot prints, a person passing over such sidewalk stumbled or slipped upon the icy portion thereof, fell and was seriously injured. Two or three days prior to the time of such injury, there was a precipitation of snow and sleet covering the entire surface of the sidewalk, rendering the same slippery, from which time until the time of the injury, the temperature was constantly below the freezing point and ranged from nineteen to eight degrees above zero.

Upon the trial of an action brought by the person so injured against the village in which such street was, to recover the damages resulting from the injury, the plaintiff was nonsuited.

_Held_, that such judgment was proper;

That, although the corporation defendant was negligent in allowing the snow and ice to accumulate upon the sidewalk prior to the storm of sleet and snow, it was not negligent for failing to remove the sleet and snow that fell two or three days prior to the injury to the plaintiff, and that the evidence failed to show whether or not the injury resulted from the only cause for which the defendant was liable.

APPEAL by the plaintiff, John C. Durr, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Albany on the 21st day of December, 1892, dismissing the complaint of the plaintiff upon the merits, and from an order denying the plaintiff's motion to set aside the direction dismissing the complaint, and for a new trial upon the judge's minutes, and from an order made by the Circuit Court dismissing the plaintiff's complaint upon its merits.

_Charles F. Doyle_, for the appellant.

_George B. Wellington_, for the respondent.

MAYHAM, P. J.:

The plaintiff brought this action for an alleged injury resulting to him from a fall on the sidewalk in the village of defendant,

which fall plaintiff alleged he suffered by reason of the defendant's negligence in suffering ice to accumulate thereon.

The evidence shows that during a portion of the month of November and down to the last of that month, snow and ice had accumulated on the sidewalk on Pine street in that village, and had not been removed by the village authorities, and that the same was about six inches in depth at that time, and that, by reason of pedestrians passing over it, it had, at times when the temperature was high, become soft and marked by foot prints so as to present a rough and uneven surface, and in that condition had frozen.

Upon the first or second of December following there was a precipitation of snow and sleet covering the entire surface of the sidewalk, and rendering the sidewalks in the village of Green Island generally slippery. From that time until the fourth of December the temperature had been constantly below freezing point, ranging from nineteen degrees down to eight degrees above zero.

On the night of the fourth of December the plaintiff, while passing along and over the sidewalk on Pine street, stumbled or slipped on the icy portion of the sidewalk and fell, and was seriously injured. For this injury he brings this action.

On the trial the plaintiff was nonsuited on the ground that it was apparent from the evidence that the injury resulted from one of two causes, for one of which the defendant would be liable, and for the other the defendant would be exempt from liability.

We think the learned judge was right in his determination, and that his decision must be upheld upon the evidence ; it is, we should think, clear that the village of Green Island was negligent in allowing snow and ice to accumulate upon the sidewalk, as the evidence showed it to have done, without any effort on the part of the defendant to remove it during the month of November.

The testimony discloses that the temperature was sufficiently mild to soften the ice and snow on the sidewalk during that month, and thus rendering it reasonably possible for the village to have removed the accumulation, and if this action had been prosecuted for injuries occurring before the precipitation of snow and sleet on the second of December, it is quite probable that legal negligence might have been established against the defendant which would authorize a recovery, but the precipitation of sleet and snow on the first and second

of December, followed by a severe freezing condition of temperature, and producing a general icy and slippery condition of the sidewalks of the entire village, makes it uncertain whether the injury resulted from this latter condition, or from the condition existing on the last of November.

If the icy condition produced by the sleet and snow on the first and second of December produced the injury, then clearly, within the decision of *Taylor* v. *City of Yonkers* (105 N. Y. 208, 209), there would have existed two causes, for one of which the defendant would be liable, and for the other of which it would not be liable, and the jury could not properly be permitted to speculate as to which of the two causes produced the injury.

In such a case "the plaintiff must fail if his evidence does not show that the damage was produced by the former cause." (*Searles* v. *Manhattan Ry. Co.*, 101 N. Y. 661.)

This the plaintiff did not show by his evidence.

The judge was, therefore, right in refusing to allow the jury to speculate as to which of the two alleged causes produced the injury. (*Taylor* v. *The City of Yonkers, supra; Kaveny* v. *The City of Troy*, 108 N. Y. 576, 577; *Tobey* v. *The City of Hudson*, 17 N. Y. St. Repr. 454.)

We think within these authorities the plaintiff failed to establish negligence on the part of the defendant for which it can be held liable, and that the judgment should be affirmed.

PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs.