(112 App. Div. 104)

### DE WOLFF et al. v. HOWE et al.

(Supreme Court, Appellate Division, First Department. April 6, 1906.)

SALES—MISTAKE—RELIEF.

> Where the seller intended to sell a certain car of merchandise, and by mistake, which was brought about by the seller giving an insufficient sampling order on the carrier, the purchaser sampled another car and paid for the goods, on discovery of the mistake the purchaser could recover the payment.

Appeal from Trial Term, New York County.

Action by Nicolay de Wolff and another against Charles T. Howe and another. From a judgment in favor of plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, LAUGHLIN, and HOUGHTON, JJ.

J. H. Hildreth, for appellants.
M. J. Kohler, for respondents.

PATTERSON, J. There are two causes of action set forth in the complaint herein—the first for money had and received, and the second for an alleged breach of a contract for the sale of goods by sample. On the trial the controversy was limited to the issues arising on the first cause of action, as to which the defendants in their answer interposed a general denial. There is no serious dispute concerning the material facts of the case. The defendants (copartners) about the 21st of April, 1902, had for sale a car load of merchandise called "apple waste." One Gibbs, a broker, ascertaining that fact, and acting on

behalf of the defendants, offered that merchandise for sale to the plaintiffs at a price of $1.85 a hundred pounds; the quality to be "prime bleached waste." The plaintiffs agreed to buy the goods if the quality were suitable, and, in order to ascertain that, a sampling order appears to have been required. The broker reported to his principals the result of his negotiations with the plaintiffs, and the defendants gave to the broker a sampling order, which was taken by him and delivered to the plaintiffs. That order is in the following words:

"The New York Central & H. R. R. R. Co., 33rd Street Station, N. Y.— Gentlemen: Please allow bearer to sample waste and chops in lot No. 1,068, and oblige,

"Yours very respectfully,          Charles T. Howe & Co."

When the order was delivered to the plaintiffs, Gibbs was told that they could not for certain reasons inspect the merchandise that day, and he then volunteered to have one Foy, employed by him or his firm, make the examination for the plaintiffs, who agreed that that should be done. Foy was sent to the Thirty-Third street station of the carrier, and when he arrived there in search of the car containing the merchandise he applied to the person "in charge of that department" to point out the car from the contents of which the samples were to be taken, and he exhibited the sample order. He was told that the company did not recognize lot numbers, but only car numbers. Foy then inquired for the car number corresponding with the lot number, and was told that the car number was 33,184, and he wrote that number on the sample order. He then went to a dock on which the car was standing, presented the order to the railroad company's foreman, and sampled the merchandise in that car. The apple waste which the defendant intended to sell was not contained in car No. 33,184, but was actually in a car No. 13,877. That in car No. 33,184 was sound and of prime quality; that in car No. 13,877 was of inferior quality, and would have been rejected by the plaintiffs. The samples taken by Foy were satisfactory to the plaintiffs. After the sampling, the defendants called upon the plaintiffs for payment, and presented their bill. Mr. de Wolff, one of the plaintiffs, directed attention to the fact that on the bill rendered the car number mentioned was 13,877, whereas on the examination order No. 1,068 was mentioned, and asked for an explanation of the discrepancy. The defendant Howe thereupon stated that:

"The numbers are identical. I simply made a mistake in putting the number 1,068, or the lot number, on the sampling order. The numbers are identical— No. 1,068 and No. 13,877. There can be no mistake in the matter, because I had only one car of apple waste on the dock."

It is true that the defendants then owned but one car load of apple waste on the dock, but they had owned another car load, namely that in car No. 33,184. They had sold it in January, 1902, but it still remained on the dock undelivered to the purchaser, and the consignment still stood in the defendants' name. The plaintiffs paid the amount of the bill, and they received the merchandise, believing it to be prime quality taken from the only car which the defendant had on the dock. Upon receiving the merchandise, and finding that it was not of prime quality, the plaintiffs offered to return it to the defendants, but they would

not receive it, whereupon it was sold as perishable, and the plaintiffs sued to recover the difference between the amount realized on the sale and the amount paid to the defendants. No complaint is made of the conduct of the plaintiffs in that regard.

It is scarcely necessary to cite authorities in support of the doctrine that money paid under a mistake of fact may be recovered back in an action for money had and received, where the money is paid in consequence of a mutual mistake as to facts which if known would have prevented the payment; that an error of fact takes place either when something which really exists is unknown, or some fact is supposed to exist which really does not exist; and that the action will lie unless the mistake results from inexcusable neglect by the party paying, and there was no legal or moral obligation on his part to pay, or the payment was made intentionally, without reference to the state of facts under which it was made. It is plain upon this record that the defendants intended to sell, and the plaintiffs to buy, a car load of apple waste of prime quality. It is also clear that both parties intended that the goods should be inspected or sampled upon an order applying to a car load of merchandise in the possession of the railway company, and that the defendants intended to furnish a sample order, which would identify the merchandise, and that the plaintiffs in the first instance relied upon the order furnished as sufficient for that purpose. The defendants made an original mistake in sending the order as sufficient. It was not so, as it referred only to a lot number instead of a car number. The defendant Howe states in his testimony that he made the mistake. The plaintiffs sending to the railway company for the purpose of drawing the samples sought information from a proper source with respect to the car, and the messenger was told that the identification could not be made by lot number, but must be by car number. Car No. 33,184 was pointed out as that which corresponded to lot No. 1,068. The defendants were mistaken in giving an insufficient sampling order, and the plaintiffs were mistaken in relying upon the sufficiency of that order. When, on presentation of the bill for the merchandise, the plaintiffs called upon the defendants for an explanation of the discrepancy between the number appearing on the sample order and that appearing on the bill, Howe stated that there was but one car load there belonging to them, and the plaintiffs were justified in believing that that must have been the car from which the samples were taken. As stated before, it is true that the defendants owned but the one car load, but the other still remained on the dock, and in it the sound merchandise, which still was in the apparent ownership or control of the defendants, was contained. There was on both sides a mistake as to the identity of the car containing the merchandise to which the sample order applied, and which the defendants intended to sell.

In this view of the case, it is immaterial whose agent Foy was in making the examination. The money was paid under a mutual mistake of facts, and the plaintiffs were entitled to recover.

The judgment and order must be affirmed, with costs. All concur.