LINDELL T. BATES, Appellant, v. THE 55 AND 57 EAST 65TH STREET CORPORATION, Respondent.

First Department, November 27, 1936.

*Joseph Quittner*, for the appellant.

*Albert Parker* of counsel [*Paul E. Doherty* with him on the brief; *Lewis & Kelsey*, attorneys], for the respondent.

PER CURIAM. In the two affirmative defenses which plaintiff attacks it is alleged that a deposit agreement executed by the owner of a proprietary lease covering a co-operative apartment was intended to modify the proprietary lease " to the extent that the two were inconsistent." The deposit agreement was admittedly executed on the same day as the proprietary lease and pursuant to its terms. It is quite apparent that the deposit agreement did not give to defendant any greater rights than were reserved under the express provisions of the proprietary lease, and that an allegation of a contrary intent is sham and frivolous.

The counterclaim is patently insufficient. It does not contain a plain and concise statement of the material facts on which the defendant relies. (Civ. Prac. Act, § 241.) It merely contains a statement of generalities, which, unless read in conjunction with the complaint, are meaningless. Furthermore, defendant sets forth that " at the time of the sale of the shares of the capital stock standing in the name of the plaintiff, * * * the plaintiff was indebted to the defendant for rentals overdue and unpaid " and for " redecoration and repairs." There is no allegation that anything is presently due to the defendant from the plaintiff and the absence of an averment to that effect is fatal. (*Allen* v. *Patterson*, 7 N. Y. 476; *Rodgers & Hagerty, Inc.*, v. *Brunswick M. C. Corp.*, 188 App. Div. 272.)

Accordingly, the order should be reversed, with twenty dollars costs and disbursements, and plaintiff's motion granted to the extent of striking from the answer the first and second separate and distinct defenses, and dismissing the counterclaim, with leave, however, to the defendant to serve an amended answer within ten days after service of order, upon payment of said costs.

Present — MARTIN, P. J., TOWNLEY, GLENNON, UNTERMYER and COHN, JJ.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion granted to the extent of striking from the answer the first and second separate and distinct defenses, and dismissing the counterclaim, with leave, however, to the defendant to serve an amended answer within ten days after service of order upon payment of said costs.