ELEANOR COE KELLS, Appellant, v. FRANCIS KELLS, Respondent.— Order denying plaintiff's motion to vacate the order confirming, in part, the report of the official referee, affirmed, without costs. It appears that the parties, in effect, agreed to the substance of the testimony taken by the official referee, and that plaintiff, by moving to confirm the report, which motion was joined in by defendant, made unnecessary the filing of stenographer's minutes as part of the referee's report. Neither party has excepted to the referee's findings of fact, and where confirmation of the referee's report is not opposed, the report is sufficient without the stenographer's minutes. (*Aron* v. *Aron*, 280 N. Y. 328.) Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ., concur.

ELIZABETH JORDAN KELLY, as Administratrix, etc., of THOMAS JORDAN, Deceased, Respondent, v. THE CITY OF NEW YORK, Appellant.— Action to recover damages for injuries sustained by plaintiff's intestate, resulting in his death, by reason of a fall upon an icy sidewalk. Judgment for plaintiff reversed on the law, with costs, and complaint dismissed, with costs. This accident occurred approximately twenty-eight hours after the termination of a three-day snowstorm, resulting in a snowfall of approximately seventeen inches, and, during that interim, the temperature remained at fifteen degrees or lower. Under such circumstances the defendant could not be held liable for failure to remove the snow and ice resulting from that snowfall prior to the time of the accident. Although the defendant might have been adjudged negligent in failing to remove the snow which fell to the extent of from one to two inches eight days prior to the accident, the subsequent heavy snowfall completely covered the snow and ice which had accumulated by virtue of the earlier storm. The snow of the latter storm was packed down on top of the other snow and ice along a narrow path created by passersby. Under these circumstances, a judgment for plaintiff predicated upon a finding that decedent fell on the accumulation of the snow and ice of the earlier snowstorm, as distinguished from that of the latter one, would be sheer speculation. (*Taylor* v. *City of Yonkers*, 105 N. Y. 202; *Foley* v. *City of New York*, 95 App. Div. 374; *Durr* v. *Village of Green Island*, 71 Hun, 260.) Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.