In the Matter of the Judicial Settlement of the Final Account of ANNE M. McCORMICK, as Committee of the Estate of ANNIE O'REILLY, an Incompetent Person. THE PEOPLE OF THE STATE OF NEW YORK, ÆTNA CASUALTY & SURETY COMPANY, KATHERINE E. NOLAN, Administratrix, etc., of JOHN C. REILLY, Deceased, and ANNE M. McCORMICK, as Committee, etc., of ANNIE O'REILLY, an Incompetent Person, Respondents; ANTONIO M. CARIDI, Special Guardian of ANNIE O'REILLY, an Incompetent Person, Appellant.— This is a proceeding for the judicial settlement of the account of a committee of an incompetent. The incompetent has been confined in the Brooklyn State Hospital since December 23, 1932. On July 1, 1940, Anne M. McCormick, a daughter of the incompetent's brother, John C. Reilly, who died April 9, 1940, was appointed committee of her estate. The estate consists of $2,471.09, representing the balance, plus accumulated interest, of a savings bank account in the name of the incompetent. Katherine E. Nolan, also a daughter of John C. Reilly, deceased, as administratrix of his estate, filed with the committee a claim for $2,120.56, representing payments made by John C. Reilly for the incompetent's medical treatment and maintenance at the hospital from December 23, 1932, to February 29, 1940. The special guardian in his report made objections to the claim and asked that it be disallowed, and that his compensation be fixed. The court overruled the objections, settled the account, and, after providing for certain expenses, commissions and allowances, including an allowance of fifty dollars to the special guardian, directed that the balance of the fund, amounting to $1,434.12, be paid to Katherine E. Nolan, as administratrix of the estate of John C. Reilly, deceased, on account of the claim of the estate. The special guardian appeals. Order modified so as to provide that the objections be sustained, the claim of the administratrix disallowed, and the allowance to the special guardian increased to $100. As so modified, the order is affirmed, with ten dollars costs and disbursements to the special guardian, payable out of the estate of the incompetent. In our opinion the payments by the incompetent's brother to the hospital for the incompetent's care and maintenance were voluntary. In fact, throughout the period of more than seven years that he made the payments he never made any claim for reimbursement and it cannot be said on this record that the payments were made with the expectation that he was to be reimbursed. Under the circumstances, the balance in the incompetent's estate should be preserved to provide for her future care and maintenance. It was error to overrule the objections and allow the claim. The allowance of fifty dollars to the special guardian was not adequate compensation for the services rendered. Lazansky, P. J., Carswell and Johnston, JJ., concur; Hagarty and Adel, JJ., dissent and vote to affirm without modification. Settle order on notice.