ISABEL B. WASSON, Respondent, v. SAMUEL KOWSKY et al., Defendants, and ALAN KAYES, Defendant-Appellant.— In an action to foreclose a mortgage, order confirming report of official referee and denying appellant's motion for a stay unless he makes certain payments, affirmed, with ten dollars costs and disbursements. While ordinarily the testimony before the referee should be submitted to the court, its absence was not fatal because it is admitted that the opposing affidavits stated the essential facts. Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

RAY WENIG et al., Respondents, v. GLENS FALLS INDEMNITY COMPANY, Appellant.— In an action on a policy of indemnity insurance, defendant appeals from a judgment in favor of plaintiff wife for personal injuries and in favor of her husband for expenses and loss of services. Judgment unanimously affirmed, with costs. No opinion. Present — Close, P. J., Hagarty, Carswell, Johnston and Lewis, JJ. [See post, p. 909.]

GEORGE WILLIAMS, Appellant, v. ETHEL L. SAMMIS, as Administratrix of the Estate of ALBERTIS SAMMIS, Deceased, Respondent.— Appeal by plaintiff from an order that denied his motion for an examination before trial of the defendant individually and granted her examination, as administratrix, to the extent only of permitting a discovery and inspection of decedent's books showing transactions between plaintiff and decedent. Order, insofar as appealed from, affirmed, with ten dollars costs and disbursements, the examination to proceed on five days' notice. The examination of defendant as administratrix must be limited to such knowledge as she possesses in her representative capacity since she is to be examined as an adverse party and not as a witness. (Nagel v. Nagel, 242 App. Div. 845.) Insofar as the motion sought to examine her individually, it requested the examination of a witness. (Pardee v. Mutual Benefit Life Ins. Co., 238 App. Div. 294.) No special circumstances were shown in this record to warrant such examination. This disposition, however, is without prejudice to a renewal of a motion to examine respondent as a witness if such special circumstances be shown. Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

## (October 26, 1944.)

In the Matter of MARVIN A. RAUCH, Respondent, against S. HOWARD COHEN et al., Constituting the Board of Elections of the City of New York, Respondents, and LOUIS WALTER et al., Appellants.— In view of the decision on the appeal from the final order in Matter of Rauch v. Cohen (post, p. 879, decided herewith), the appeal from the intermediate order dated October 10, 1944, is dismissed, without costs. Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.