MORRIS GOLDBERG, as a Director of ATLANTIC FABRIC PRODUCTS, INC., Formerly Known as MURRAY GOLDBERG, INC., Respondent, v. HARRY GREEN, Appellant, et al., Defendants.— In an action in the nature of a stockholder's derivative action, the interlocutory judgment determined the liability of appellant Green and one Kornberg and referred the matter to an official referee to take proof, state the accounts and report, with his opinion, to the court. The official referee filed his report, but it was not accompanied by the minutes of the testimony taken before him. The respondent moved for confirmation of the report. The motion was opposed by appellant, but he did not specifically raise the objection that the testimony had not been filed by the referee. The Special Term confirmed the report, with one modification, and final judgment was accordingly entered thereon. From that judgment an appeal was taken by appellant, which is still pending. Subsequently the appellant moved to vacate the final judgment upon the sole ground "that there was not filed with the said report of the Official Referee the testimony upon which said report was made, in violation of Rule 170 of the Rules of Civil Practice". That motion was denied at Special Term and appellant has now appealed from the order entered thereon. Order affirmed, with $10 costs and disbursements. Assuming that the official referee was required to file the minutes of the testimony with his report, the irregularity was waived by failure of appellant to raise the point before the confirmation of the report. The final judgment, although recited in the order appealed from, is not printed in the record, and it is not entirely clear from the affidavits now printed just what was before the Special Term, which confirmed the report with the modification, in the way of testimony taken and exhibits introduced before the official referee; and this court does not now pass upon that question, which appellant is free to raise upon the pending appeal from the final judgment. (See *Aron* v. *Aron*, 280 N. Y. 328; *Matter of Priemazon* [*Kirk*], 246 App. Div. 729; *Matter of Reigrod* [*Kirk*], 246 App. Div. 729; *Lightning Typographical Craftsmen, Inc.*, v. *Hochman*, 248 App. Div. 605; *Kells* v. *Kells*, 257 App. Div. 863; *Karp* v. *Karp*, 257 App. Div. 968; *Wasson* v. *Kowsky*, 268 App. Div. 879; *Nash* v. *Nash*, 257 App. Div. 815; *Matter of Tillman*, 232 App. Div. 575.) Lewis, P. J., Johnston, Adel, Aldrich and Nolan, JJ., concur. [See *post*, p. 1024.]

OSCAR GROSSMAN, Respondent, v. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant, and BROOKLYN EDISON COMPANY, INC., Appellant.— Action to recover damages for personal injuries. Judgment for the plaintiff unanimously affirmed, with costs. No opinion. Present — Lewis, P. J., Carswell, Johnston, Aldrich and Nolan, JJ.

ROSE HELLER, Respondent, v. JACK J. HELLER, Appellant.—In an action for separation, order denying defendant's motion to change the place of trial of the action from Putnam County to Kings County, affirmed, with $10 costs and disbursements. No opinion. Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.