GEORGE KIMMERLY, Respondent, v. WILLIAM C. ROMAIN, Appellant.— Motion for reargument denied, without costs. Present — Nolan, P. J., Adel, MacCrate, Schmidt and Beldock, JJ. [See 282 App. Div. 1077.]

WALDO SHIELDS, Doing Business as CHURCH CONSTRUCTION Co., Respondent, v. MT. CARMEL BAPTIST CHURCH OF ARVERNE, N. Y., Appellant.— Motion to direct respondent or his attorneys to furnish missing portions of a trial exhibit or for alternative relief denied, without costs. Appellant is not precluded from proceeding before the Official Referee who tried the action for further settlement of the record on appeal. (See Scheinberg v. Scheinberg, 221 App. Div. 839; Jones v. Liberty Fast Frgt. Co., 279 App. Div. 919, and Kay v. Kay, 277 App. Div. 797.) Present — Nolan, P. J., Adel, Wenzel, MacCrate and Beldock, JJ.

MARGARET ANDERSEN, as Administratrix of the Estate of ALFRED ANDERSEN, Deceased, Respondent, v. BEE LINE, INC., et al., Appellants.— In an action to recover damages for conscious pain and suffering and for wrongful death, following a collision between a passenger automobile, owned and operated by plaintiff's intestate, and a bus, owned by the corporate defendant and operated by the individual defendant, the jury rendered a verdict in favor of plaintiff for $30,000. Defendants appeal from the judgment entered thereon. Judgment reversed on the law, with costs, and complaint dismissed, with costs. A new trial would not be granted on the facts nor because of any of the claimed trial errors. No view of the evidence establishes a prima facie case of negligence by defendants causally connected with the collision. The evidence establishes that at all relevant times the bus was traveling in its proper lane on the roadway. There is no evidence that the plaintiff's intestate was confronted with an emergent situation, as a result of which he drove his car into the lane in which the bus was traveling. Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.

FREDA K. BERGER, Respondent, v. CITY OF NEW YORK et al., Appellants.— In an action to declare unconstitutional a zoning ordinance insofar as it restricts the use of plaintiff's property to residential purposes, defendants appeal from a judgment, rendered after trial, adjudging the ordinance to be unconstitutional. Judgment reversed on the law and on the facts, without costs, and judgment directed to be entered dismissing the complaint on the merits, without costs. Whether plaintiff's property is suitable for a conforming use is fairly debatable. Under such circumstances the judgment of the local legislative body must be allowed to prevail. (Shepard v. Village of Skaneateles, 300 N. Y. 115, 118; Matter of Wulfsohn v. Burden, 241 N. Y. 288, 296–297; Kraft v. Village of Hastings-on-Hudson, 258 App. Div. 1060, 1061, affd. 285 N. Y. 639.) Findings of fact inconsistent herewith are reversed and new findings will be made. Nolan, P. J., Adel and MacCrate, JJ., concur; Schmidt and Beldock, JJ., dissent and vote to affirm the judgment, with the following memorandum: Prior to the commencement of this action plaintiff had applied for a variance of the zoning ordinance. The board of standards and appeals of the defendant city, by an evenly divided vote, denied the variance. The Special Term reversed the board and granted the variance. This court, on appeal, reversed the Special