Charles J. Beckinella, J.
In this action by the plaintiff as committee of one Bose Bedick, an incompetent person, seeking a declaratory judgment declaring that his ward is the absolute owner of two parcels of real property, together with an accounting of the rents and profits, plaintiff moves, pursuant to rule 109 of the Buies of Civil Practice, to strike out as insufficient in law on the face thereof three separate defenses and the three counterclaims on the ground that they fail to set forth facts sufficient to constitute causes of action. In a second motion plaintiff moves for an order vacating the defendants’ notice of examination before trial.
The complaint in substance alleges that plaintiff is the committee of the person and property of Bose Bedick and was appointed on December 19, 1957. Prior to and on May 16, 1951 plaintiff’s ward was a mentally ill person, so certified by a court order and committed to Creedmore State Hospital. Prior to such commitment the incompetent and her husband were the owners as tenants by the entirety of two parcels of real estate. Thereafter and on or about August 5, 1951 the incompetent was placed by Creedmore State Hospital on “ convalescent care status ” and permitted to leave the hospital in the custody and care of her husband, and remained in his custody until July 1, 1952, when her husband died. The defendants are Bobert Bedick, now an adult, a stepson and the issue of a previous marriage of her husband to her sister, but who remained with the incompetent, from the time that he was eight years of age, and Judith Ann Bedick, an infant, a daughter of the incompetent. While in the care and custody of her husband, after her release from the State Hospital, he had her execute a power of attorney relating to her interest in the real property. Subsequently her husband, individually and as her attorney in fact, created a trust of the real property in behalf of the two defendant children, designating himself as trustee, and the defendant Saul as successor trustee.
*164 It is contended by the plaintiff in the first cause of action that the power of attorney executed by the incompetent did not authorize her husband to create a trust of the property or make a gift of same so that upon the death of her husband the incompetent became the sole owner of the property held by them by the entirety. In the second cause of action the plaintiff alleges that the plaintiff’s ward was of unsound mind when she executed the power of attorney and, accordingly, the power of attorney was void as well as the trust agreement and trust deeds. In the third cause of action plaintiff charges the deceased husband with fraud in obtaining the power of attorney and, accordingly, it was void, as well as the trust, and upon the death of her husband she became the sole owner of the property, resulting from the original tenancy by the entirety.
The first defense as to the first cause of action raises the three-year Statute of Limitations. The second defense as to the first and third causes of action raises the six-year Statute of Limitations, and the third defense, in substance, alleges that if plaintiff is successful, the defendants would be deprived of the benefits of the business located in the subject property willed to them by their father and that if plaintiff was legally competent it would not have been her desire to commence the instant action.
The first counterclaim in behalf of defendant Robert Bedick alleges that he expended on behalf of the incompetent the sum of $6,614 for her support and maintenance from the time of her husband’s death to April, 1957, under the belief that she had no estate to support herself and if the plaintiff is successful and becomes the owner of the property he will be entitled to a repayment of the sums disbursed. In the second counterclaim by the same defendant it is alleged that he expended the sum of $10,170.93 for maintenance, amortization of the mortgage, interest payments, etc. That if plaintiff’s ward is declared to be the owner of the property involved in the lawsuit she would owe the defendant that sum. The defendant Judith Ann Bedick in the third counterclaim alleges that from the date of death of her father in 1952 to date the defendant spent and incurred obligations in the amount of $18,161.07 for necessaries consisting of food, clothing, shelter, etc., which were incurred by her under the belief that her mother had no separate estate. That if it be determined that the incompetent is the true owner of the property, the infant be reimbursed for the sum expended.
An examination of the allegations of the first cause of action reveals that the action is not one involving a breach of trust *165 or fiduciary obligation which would be within the ambit of subdivision 7 of section 49 of the Civil Practice Act and its three-year Statute of Limitations (Tobias v. Celler, 37 N. Y. S. 2d 399), but rather one where plaintiff attempts to disavow the acts of her attorney in fact and seeks a declaration that the acts of her attorney in fact were unauthorized and beyond the powers granted, so that the trust agreement and the trust deeds were all void and be cancelled of record. Such an action is essentially equitable in character and the relief sought can only be granted by a court of equity. Money damages alone would not give plaintiff’s ward adequate redress. As the cause of action is of the type the limitation of which is not specifically prescribed in the other sections relating to limitation of actions, the courts have applied the 10-year Statute of Limitations, as provided in section 53 of the Civil Practice Act, as this section applies to any and every form of equitable action. (Ford v. Clendenin, 215 N. Y. 10; Hearn 43 St. Corp. v. Jano, 283 N. Y. 139; Marano v. Lo Carro, 62 N. Y. S. 2d 121, affd. 270 App. Div. 999.) Under the circumstances, the first separate defense is insufficient in law and is stricken from the pleading. For the reasons heretofore indicated, the second separate defense as applied to the first cause of action is also stricken. However, a different situation arises with respect to the applicability of this defense to the plaintiff’s third cause of action. Here the plaintiff charges the creator of the trust, not only with fraud, but also alleges that plaintiff’s ward was so suffering from her mental illness and in such condition mentally and physically as not to understand or comprehend the nature of her act in signing the power of attorney. The law is well settled in this State that the deeds and contracts of a person of unsound mind who has not been judicially declared incompetent are voidable and not absolutely void. (Smith v. Ryan, 191 N. Y. 452.) If as a fact plaintiff’s ward was incompetent at the time she executed the power of attorney her transaction may be set aside at her election or by a committee subsequently appointed. (Finch v. Goldstein, 245 N. Y. 300.)
It cannot be determined at this time whether the plaintiff’s ward was so incompetent at the time of the execution of the power of attorney as to be aware of her acts. This fact can only be determined at the trial and the presentation of all the proof bearing upon this issue. Accordingly, plaintiff’s motion to strike out the second defense relating to the third cause of action is denied. Nor can the court at this time pass upon the sufficiency of the third defense. This is not a unique and unusual defense predicated upon speculative, contingent and hypothetical *166 conjectures. Whether it would have been the incompetent’s desire to have instituted this action against her children is a matter of proof at the time of trial, bearing upon the closeness of the relationship between the mother and children. It has been held that ‘ ‘ A court of equity, through its general jurisdiction over fiduciaries and its function of guardianship of incompetents, may, in a proper case, direct the committee to act in behalf of the incompetent in accordance with what the court finds would, in all probability, have been the choice of the incompetent if he had been of sound mind.” (Matter of Hills, 264 N. Y. 349, 353-354; see, also, Empire Trust Co. v. Fell, 271 N. Y. 72 and cases cited therein.) Accordingly, the motion to strike out the third defense is denied.
The attack against the three counterclaims are twofold in nature, i.e., that they not only fail to set forth facts sufficient to constitute causes of action, but are also contingent in nature, not stating a present cause of action. As previously indicated, the first counterclaim of the defendant Robert Bedick alleges his expenditure of sums of money for the support of the incompetent under the belief that she had no separate estate to provide for her own support and maintenance and if it be determined that she be entitled to the property he “ will be entitled to repayment.” Apparently, the basis for this counterclaim is payments made to the incompetent due to a mistake of fact. It is the general rule that “ ‘ Money paid under a mistake of fact may be recovered back, however negligent the party paying may have been in making the mistake ’ ” (Hathaway v. County of Delaware, 185 N. Y. 368, 370) and “that an error of fact takes place either when something which really exists is unknown or some fact is supposed to exist which really does not exist ”. (De Wolff v. Howe, 112 App. Div. 104, 107.)
Such situation does not present itself from the facts disclosed. The counterclaim makes it quite clear that the defendant accepted the proposition that the incompetent had no funds and that the defendant made the payments knowing that she had no funds. He labored under no mistake of fact in making the payments over the five-year period during which time no demand had been made for any reimbursement until the present action was instituted. The facts were known to the defendant when the payments were made. It is clear that the incompetent had no funds at the time the payments were made and still has no funds, but merely a pending cause of action. The doctrine is well settled that a voluntary payment where there is no mistake of fact cannot be recovered. In an analogous situation the court in Matter of O’Reilly (261 App. Div. 998, affd. 287 N. Y. 573) *167 stated: “In our opinion the payments by the incompetent’s brother to the hospital for the incompetent’s care and maintenance were voluntary. In fact, throughout the period of more than seven years that he made the payments he never made any claim for reimbursement and it cannot be said on this record that the payments were made with the expectation that he was to be reimbursed.” Accordingly, the first counterclaim is dismissed.
The defendant Eobert Bedick predicates his second counterclaim on the language of section 1011 of the Civil Practice Act, which reads as follows: “In an action for the recovery of real property or the possession thereof, the plaintiff * * * is entitled to recover as damages the rents and profits, or the value of the use and occupation * * * for a term not exceeding six years * * *. Where permanent improvements have been made in good faith by the defendant * * * while holding, under color of title, adversely to the plaintiff, the value thereof must be allowed to the defendant in reduction of the damages of the plaintiff, but not beyond the amount of those damages.” (Emphasis supplied.)
While the allowance provided in this section would appear to be in the nature of a setoff and not a counterclaim, the courts will under certain circumstances permit an equitable counterclaim if the plaintiff acquiesced in the improvement. A defendant would not then be limited to the offset provided by the section. (Joanes v. Boyle, 275 App. Div. 952.) Here again the court cannot determine on the papers and at this time the extent of the incompetency of the plaintiff’s ward during the time of the advancement of the funds and whether she was sufficiently aware of her acts and had acquiesced in the payment of the various items claimed by the defendant. If at the time of trial it is established that the plaintiff’s ward was so incompetent as not to be able to comprehend the nature of her acts and unable to acquiesce in the defendant’s acts, then the defendant would be confined solely to a setoff. Where the defendant, however, pleads the facts, he is not to be deprived of the right to offset his claim by his failure to specifically demand that such expenditures and disbursements be offset. (Kelly v. Struth, 164 App. Div. 705.) While section 1011 of the Civil Practice Act makes no provision for allowing taxes upon the land paid by the occupant, or for reimbursement for other sums paid, the courts have permitted defendants to recoup against the amount to which the plaintiff is entitled, as for rents and profits, sums paid out in good faith for taxes, necessary repairs, removal of incumbrances against the property, *168 etc. (Clute v. Emmerich, 99 N. Y. 342; Haight v. Pine, 10 App. Div. 470; Kelly v. Struth, supra.) As the plaintiff, if successful, would be entitled to the rents and profits, etc., such expenses and taxes must be taken into account in determining net rental value.
As to the third counterclaim, it is apparent that the defendant Judith Ann Bedick’s cause of action is predicated upon the theory that her mother was solely responsible for her support and maintenance in the first instance, and that if plaintiff is successful there would be a sufficient estate of the incompetent to reimburse the infant for her expenditures. A mother is liable for the support of her minor child where such responsibility is placed on her by statute, as where the father is dead or is incapable of supporting his child or cannot be found within the State, provided the mother is possessed of sufficient means or able to do so. (N. Y. City Dom. Bel. Ct. Act, § 101; Children’s Court Act, § 31; Santasiero v. Briggs, 278 App. Div. 15; Matter of Cronk, 94 N. Y. S. 2d 735.) However, it has also been held that a mother is not obliged to support her child even if she has means, so long'as the child has property of her own (Welch v. Welch, 200 N. Y. S. 652; Matter of Giegerich, 135 Mise. 600). Despite paragraph 19 of the answer alleging a trust of the business formerly operated by the deceased father in favor of this defendant, the value of the estate cannot be determined from the pleadings, how much others spent on behalf of the infant, how much of her money was spent, nor are there any allegations in the reply that the defendant had or has the means to provide for her own support. It is clear that the details of the financial status of this infant depend upon the evidence to be adduced at the trial and not upon conjectures of the attorneys.
However, both the second and third counterclaim, as interposed, fail to allege presently existing causes of action and are pleaded contingent upon the success of the plaintiff in his lawsuit. Such counterclaims fail to state facts sufficient to constitute a cause of action (Atlantic Gulf and West Indies S. S. Lines v. City of New York, 271 App. Div. 1008; Bates v. 55 and 57 East 65th St. Corp., 249 App. Div. 119; Quick v. Bauer, 102 N. Y. S. 2d 379). Accordingly, the second and third counterclaims are dismissed without prejudice to the defendant pleading over if so advised within 10 days after the service of a copy of the order to be entered herein, with notice of entry.
The motion to vacate the examination before trial of the plaintiff is denied. Plaintiff may be examined as to such *169 information obtained in Ms fiduciary capacity (Williams v. Sammis, 268 App. Div. 879), but need not produce the commitment order of Mr. Justice Bartels as it is a matter of record. In view of the broad scope of the examination requested, and to expedite matters without the necessity of reserving or serving a new examination before trial upon the johiing of issues, after the service of the amended answer and reply, the examination before trial is adjourned to 10 days after the service of the reply, parties to arrange for the time and place.
Settle order on notice.