■ MARY COHEN, Respondent, v. NEW YORK CITY HOUSING AUTHORITY, Appellant.—Judgment, Supreme Court, New York County, entered March 22, 1973, in favor of the plaintiff in the amount of $32,000, reversed on the law and on the facts and a new trial directed solely on the issue of damages, with $60 costs and disbursements of this appeal to abide the event, unless the plaintiff-respondent within 20 days of service upon her by the defendant-appellant of a copy of the order entered herein, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict, and to the entry of an amended judgment in the amount of $15,000. If the plaintiff-respondent consents to the reduction, the judgment as so amended and reduced is affirmed without costs and without disbursements. Plaintiff, while using a private walk required to be maintained by the defendant, New York City Housing Authority, fell and was injured. The evidence adduced further showed that, while a supervisory employee knew of the condition, no steps were taken to ameliorate the hazard known to be present. This failure to act presented a jury question (*Goslin* v. *Nine Platt Corp.*, 39 A D 2d 986, mot. for lv. to app. den. 31 N Y 2d 643), which question was decided in favor of the plaintiff. However, the damages assessed were excessive and we have conditioned an affirmance on the consent of the plaintiff to a reduction of the verdict as indicated. Concur—Nunez, J. P., Capozzoli and Lane, JJ.; Steuer and Lynch, JJ., dissent in the following memorandum by Steuer, J.: In our opinion plaintiff failed to show any negligence on the part of defendant. We assume plaintiff fell on a private walk which traversed part of the property operated by defendant. There is some conflict in the testimony as to where plaintiff fell, but there was ample evidence that she fell on the walk and that the jury so found is implicit in the verdict. The

reason for the fall was the icy condition of the walk. The accident occurred at about 11:15 A.M. on December 2, 1967. That was less than 36 hours after the termination of a snowfall of more than three inches. In the interval the temperature never rose above freezing. Defendant's duty in regard to keeping its walks clear of snow and ice is the same as that owed by the city in regard to its sidewalks (*Dwyer* v. *Woollard*, 205 App. Div. 546). Liability for a dangerous condition caused by the presence of snow or ice exists only where there is a negligent failure to correct the condition caused by the elements. Hence a reasonable opportunity to remove must be present (*Roark* v. *Hunting*, 24 N Y 2d 470). Extraordinary means are not required, and that rule has specific application in not requiring removal during subfreezing weather conditions (*Fischetti* v. *City of New York*, 269 App. Div. 948; *Kelly* v. *City of New York*, 257 App. Div. 863). The same rule applies to a private owner (*Jordan* v. *New York City Housing Auth.*, 40 A D 2d 662, affd. 33 N Y 2d 888). All of the above is elementary and not contested by respondent's experienced appellate counsel. He predicates liability not on a failure to remove the ice but on a failure to remedy the condtion by spreading sand or salt over the dangerous area. Under certain circumstances this failure has been held to be negligence (*Goslin* v. *Nine Platt Corp.*, 39 A D 2d 986). The circumstances here are quite distinct. There, the sanding was offered as an alternative for removal of the ice, which, for all that appears, could feasibly have been done. If so, quite reasonably the sanding operation must be done with such care as will make the premises reasonably safe. Not every case of injury due to the presence of ice raises a jury question (*Yonki* v. *City of New York*, 276 App. Div. 407). Where, as here, no breach of duty was shown, the complaint should have been dismissed.