Memorandum. This is an appeal from an order of the Appellate Division which affirmed a judgment of the Supreme Court, Bronx County, confirming the report of a special referee and invalidating the designating petition of Americo Martinez, candidate for the Democratic Party nomination for the public office of Senator from the 32nd Senate District of the State of New York.
 

 The referee, to whom the issues were referred to hear, report and make recommendations, found,
 
 inter alia:
 
 that the signatures were consistently taken without regard to the signatories’ eligibility to sign and without any effort to inform them for whom and for what purpose they were signing; that the subscribing witnesses were not in fact the persons who took the signatures; that the dates both in the date column and the statements of the subscribing witnesses do not in fact reflect the dates upon which the signatures were taken or the statements of the subscribing witnesses were filled in and signed; and that the entire petitioning procedure was permeated with fraud, with the knowledge and participation of the candidate. The Appellate Division affirmed for the reasons given by the referee and attention was directed to sections 330 and 335 of the Election Law and CPLR 4403.
 

 After eight full days of hearings during a two-week period concluded on August 19, 1976, the referee made an oral report to the Special Term Justice on the next day. On August 23, 1976, the referee’s written report was submitted and on the same day the judgment of confirmation and invalidation was signed. Appellant contends that reversal is mandated since the referee’s report was accepted without requiring a transcript and without affording an opportunity to make requests for finding or to move to reject the report. CPLR 4320 (subd
 
 *824
 
 [b]) provides in part: "Unless otherwise stipulated, a transcript of the testimony together with the exhibits or copies thereof shall be filed with the report.” On its own initiative, Special Term had the power to confirm or reject, in whole or in part, the report of the referee to report (CPLR 4403; see 4 Weinstein-Korn-Miller, NY Civ Prac, par 4403.04). By failing to make any application before Special Term, such as to require the filing of the transcript or for a change of determination, and by then proceeding upon appeal appellant, under the instant facts, waived his objection in respect to the transcript, the failure to file being waivable and not necessarily a fatal defect (4 Weinstein-Korn-Miller, NY Civ Prac, par 4320.09; see
 
 Goldberg v Green,
 
 270 App Div 856, mot for lv to app den 270 App Div 1024, mot for lv to app dsmd 296 NY 830;
 
 Kells v Kells,
 
 257 App Div 863; see, also, CPLR 5525 (subd [d];
 
 Stewart v Garland,
 
 3 AD2d 685;
 
 Shields v Mt. Carmel Baptist Church,
 
 283 App Div 714;
 
 Jones v Liberty Fast Frgt. Co.,
 
 279 App Div 919;
 
 Kay v Kay, 277
 
 App Div 797;
 
 Scheinberg v Scheinberg,
 
 221 App Div 839; 8 Carmody-Wait 1st, NY Prac, p 698). Although appellant states in his brief that the report of the referee is replete with inaccuracy as to the testimony and that the evidence does not support the latter’s conclusions, there is no articulation or specification of these assertions nor support in the submission before us.
 

 The order of the Appellate Division should be affirmed, without costs.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
 

 Order affirmed.