(September 29, 2016)

■ NEXBANK, SSB, a Texas State Savings Bank, Appellant, v JEFFREY SOFFER et al., Respondents. [37 NYS3d 879]—

Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered September 12, 2014, dismissing the action with prejudice, and bringing up for review an order, same court and Justice, entered on or about June 16, 2014, which, inter alia, confirmed the judicial hearing officer's (JHO) report, dated December 16, 2013, unanimously affirmed, without costs.

The findings contained in the JHO's report are substantially supported by the record, and the JHO "clearly defined the issues and resolved matters of credibility" (*see Hopper v Premier Coach, Inc.*, 111 AD3d 508, 509 [1st Dept 2013] [internal quotation marks omitted]). The JHO defined the issue as the value on March 4, 2011, the date of the foreclosure sale, of the property that was the collateral for a loan on which defendants executed a payment guaranty, and, after conducting a four day hearing during which the JHO heard testimony from six witnesses, including each side's expert, the court found defendants' expert more credible than plaintiff's expert, and accepted his valuation of $527 million. The JHO found that plaintiff's expert's 2011 valuation of $395 million, made for purposes of potential litigation, was inconsistent with his 2008 valuation of $548.8 million, made for loan underwriting purposes, particularly in light of the 2008 economic climate. Despite plaintiff's argument to the contrary, the record does contain conflicting evidence from both experts as to what impact the 2008 financial crisis had on the value of the property. Therefore, the JHO was free to resolve this conflict and the record discloses no ground upon which the JHO's credibility determinations may be disturbed. Moreover, while contrary to the JHO's assertion, he could have departed from the appraisal of either expert (*see Gyrodyne Co. of Am., Inc. v State of New York*, 89 AD3d 988 [2d Dept 2011], *lv denied* 19 NY3d 804 [2012]), the record discloses no ground upon which to find that he erred in not doing so (*see e.g. Hoffinger Indus., Inc. v Alabama Ave. Realty, Inc.*, 68 AD3d 818, 820 [2d Dept 2009]).

By failing to argue before the motion court that the JHO's report does not comply with CPLR 4320 (b), plaintiff waived the argument (*see Sea Trade Mar. Corp. v Coutsodontis*, 111 AD3d 483, 486 [1st Dept 2013]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Renwick, Richter, Kapnick and Webber, JJ.