Abe v New York Univ. (2021 NY Slip Op 00247)





Abe v New York Univ.


2021 NY Slip Op 00247


Decided on January 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 19, 2021

Before: Webber, J.P., Mazzarelli, González, Scarpulla, Shulman, JJ. 


Index No. 105985/10, 157465/16 Appeal No. 12887 Case No. 2019-04904 

[*1]Koya Abe, Plaintiff-Appellant,
v
New York University et al., Defendants-Respondents.
Koya Abe, Plaintiff-Appellant,
v
New York University et al., Defendants-Respondents.


Jennifer L. Unruh, Astoria, for appellant.
DLA Piper LLP (US), New York (Evan D. Parness of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered July 29, 2019, which denied plaintiff's motion to reject, and granted defendants' cross motion to confirm, the report of a Special Referee recommending, after a hearing in connection with the award of sanctions against plaintiff and his attorney, that defendants be awarded reasonable attorneys' fees in the amount of $126,435, unanimously affirmed, without costs.
The Special Referee's report was properly confirmed. Defendants submitted invoices of their attorneys showing the date, amount of time, and nature of tasks performed, the persons performing them, and the rates charged, which constitute business records created "at the time. . .or within a reasonable time thereafter" (CPLR 4518[a]; see Zacharius v Kensington Publ. Corp., 167 AD3d 452, 452-453 [1st Dept 2018]). The Special Referee clearly defined the issues and "was in the best position to weigh the evidence and make credibility determinations," and we perceive no basis to disturb them (Winopa Intl., Ltd. v Woori Am. Bank, 59 AD3d 203, 204 [1st Dept 2009] [internal quotation marks omitted]).
Contrary to plaintiff's argument, he is not entitled to a credit against his counsel fee obligation in the amount of the payment made by the insurer, since the collateral source rule is inapplicable in this context (see Isaacs v Jefferson Tenants Corp., 270 AD2d 95, 96 [1st Dept 2000]; Board of Mgrs. of Foundry at Washington Park Condominium v Foundry Dev. Co., Inc., 142 AD3d 1124 [2d Dept 2016]). Nor did the Special Referee fail to consider other factors relevant to the reasonableness of the fees (see Matter of Freeman, 34 NY2d 1, 9 [1974]).
Plaintiff waived the issue of noncompliance with CPLR 4320(b) by not raising it in his motion to reject the report (Matter of Galiber v Previte, 40 NY2d 822, 824 [1976]; NexBank, SSB v Soffer, 142 AD3d 911, 912 [1st Dept 2016]).
Plaintiff cannot challenge the quashing of subpoenas before the hearing, having failed to appeal the relevant order (CPLR 5501, 5513[a]). Furthermore, his challenge to the finding of frivolous conduct and his claim that he acted in good faith are foreclosed,
as this Court previously affirmed the order granting sanctions (169 AD3d 445, 449-450 [1st Dept 2019], lv dismissed 34 NY3d 1089 [2020]; see Carmona v Mathisson, 92 AD3d 492, 492-493 [1st Dept 2012]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2021